LADD (WEEKS v.). See Case No. 17,352.

---

## Case No. 7,976.

### LADD v. WILSON.

[1 Cranch, C. C. 293.] [1]

Circuit Court, District of Columbia. March Term, 1806.

CHARTER-PARTY—CONSTRUCTION—PAROL EVIDENCE.

1. A clause in a charter-party, that "during obstruction of the navigation by ice the lay days are not to be counted," applies to such obstruction as prevents the lading of the vessel, as well as to such as prevents her going to sea.

2. Parol evidence cannot be admitted to vary or explain an unambiguous written agreement.

Covenant, on a charter-party, for non-payment of demurrage. The plaintiff agreed to allow twenty working lay days for the loading at Alexandria. The cargo was to be wheat. At the bottom of the charter-party were these words, which were inserted before signing: "It is, however, understood that during obstruction of the navigation by ice, the lay days are not to be counted."

Mr. Swann, for plaintiff, prayed the court to instruct the jury that the obstruction of the navigation by ice, meant the obstruction to the sailing of the vessel from Alexandria out to sea, and not any obstruction above or in the creeks and branches of the Potomac; which instruction the court refused to give, but instructed them that no day in which the plaintiff was obstructed by the ice in loading the vessel, was to be counted one of the twenty working lay days.

E. J. Lee, for defendant, offered a witness, Alexander Henderson, to prove that the usage of trade was, that demurrage was payable where the freight was payable, viz., that the demurrage in this case was to be paid in Spain although it accrued in Alexandria.

THE COURT said there was no doubt as to the construction of the instrument, which

must speak for itself. It cannot be varied by any such usage if proved. If it is matter of law the court are to decide it. If matter of fact it cannot be admitted to explain an instrument in itself not ambiguous.

[Upon the trial a verdict was rendered for the plaintiff, and a new trial being asked for, on the ground of a miscalculation of damages by the jury, it was refused. Case No. 7,977.]

---

## Case No. 7,977.

### LADD v. WILSON.

[1 Cranch. C. C. 305.] [1]

Circuit Court, District of Columbia. March Term, 1806.

NEW TRIAL—MISTAKE OF JURY—AFFIDAVIT OF SAME.

The court will not, in general, suffer the affidavits of jurymen to be read, upon a motion for new trial, on the ground of mistake, miscalculation, or misconduct of the jury.

[Covenant on a charter-party for non-payment of demurrage. Case No. 7,976.]

Verdict for the plaintiff.

Motion by the defendant for a new trial, grounded on the affidavits of three or four of the jurymen, that a mistake was made by the foreman in calculating upon the principles agreed on by the jury; some of the others, particularly the foreman, believed there was no mistake.

Mr. Swann, for plaintiff, cited Vaise v. Delaval, 1 Term R. 11, and Cochran v. Street, 1 Wash. [Va.] 79.

THE COURT were of opinion, that it was dangerous to take the affidavits of jurors as to mistakes of calculations, &c.; but on reading the affidavits, there did not appear to have been an error in the foreman's calculation, and a new trial was refused. THE COURT, however, wished it not to be considered as giving a sanction to the practice of taking such affidavits of jurymen.