## Case No. 2,641.

### CHERRY v. SWEENY.

[1 Cranch, C. C. 530.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

#### MISCONDUCT OF JURY.

1. Information given by one juror to his fellow jurors after they have retired, is not sufficient ground for a new trial, if the verdict has done substantial justice between the parties.

2. The court will not lend an easy ear to affidavits of jurors, as to their proceedings after they have retired to consider of their verdict.

Motion by defendant for a new trial, because one of the jurors gave information of his own knowledge, after they retired, viz.: that he had heard both from the defendant and plaintiff, that the defendant was not to be allowed anything for the services of her son; which was a claim in set-off which she had attempted to prove on the trial.

Mr. Law, for defendant.

1. It is a good ground for a new trial. 1 Bl. Comm. 374, 375; 3 Bl. Comm. 373.

2. The fact may be proved by the affidavits of the jurymen. 1 Sel. Pr. 508; Cogan v. Ebden, 1 Burrows, 383; Rex v. Simmons, 1 Wils. 329; Hale v. Cove, 1 Strange, 642; Vasie v. Delaval, 1 Term R. 11. The reason why the affidavit of a juror is rejected is, that he shall not charge himself with a misdemeanor. But where the fact does not charge misconduct, there such affidavits are admitted.

Mr. Porter, contra, contended that justice had been done, and that encouragement should not be given to information coming from a juror. 3 Wils. 273; 1 Term R. 11; 3 Burrows, 1696; 1 Sel. Pr. 507, 508, 510.

New trial refused (FITZHUGH, Circuit Judge, absent), THE COURT being of opinion, that substantial justice had been done, and doubting the policy of giving an easy ear to affidavits of this kind.