## Case No. 6,627.

### HOLMEAD v. CORCORAN.

[2 Cranch, C. C. 119.] [1]

Circuit Court, District of Columbia. June Term, 1816.

TRESPASS—QUARE CLAUSUM FREGIT—DAMAGES.

1. In trespass, when the defence is on warrant, the plaintiff is not permitted to give evidence of trespasses committed at a place not located on the plats; nor outside of the plaintiff's lines as located by him on the plats, al-

though, by his title he had a right to locate them so as to include the place where, &c. The plaintiff is bound by his location, and cannot claim land not included therein. The plaintiff cannot recover unless he was in possession of the land at the time of the alleged trespass.

2. The court will not receive evidence of the declaration of jurors, that they assessed the damages by taking the average of the sums put down by each juror respectively.

Trespass, quare clausum fregit. Defence on warrant.

THE COURT (THRUSTON, Circuit Judge, absent, and MORSELL, Circuit Judge, sitting pro formâ, by consent of the parties, he having been of counsel in the cause) decided that the plaintiff should not give evidence of trespasses at a place not located on the plats, nor outside of the lines of "Pleasant Plains" as located by the plaintiff on the plats; although the plaintiff, by his title, had a right to locate "Pleasant Plains," so as to include the place where, &c., being of opinion that the plaintiff, in this suit, is bound by his location, and cannot claim, as part of "Pleasant Plains," land not located by him on the plat, as such, and that the plaintiff could not recover, unless he was in possession at the time of the alleged trespass.

Verdict for plaintiff. Damages, 170 dollars.

Mr. Wiley, for defendant, moved for a new trial on the ground of misbehavior of the jurors in taking the average of damages put down by each juror, and making that the amount of damages found for the plaintiff. The motion was grounded upon the affidavit of a person who heard one of the jurors state the fact.

Mr. Jones and Mr. Key, contrà. No evidence of what a juror said after giving the verdict ought to be received by the court. No juror should be permitted to criminate himself or his fellows. The evidence must come from some other source. Vaise v. Delaval, 1 Term R. 11; Barnes, 438, 441. If, after ascertaining the average, the jury agreed to find it as the plaintiff's damages, it was no misbehavior.

THE COURT (MORSELL, Circuit Judge, not sitting) was of opinion that such evidence ought not to be received, and overruled the motion for a new trial. See Peake (Am. Ed.) 187, and Seld. Prac.