## KELLEY v. PENNSYLVANIA R. CO.

*(Circuit Court, S. D. New York. February 10, 1888.)*

1. NEW TRIAL—MISCONDUCT OF JURY—RECOMMENDATION BY JURY.

In an action against a railroad company by an employe for injuries received while in its service, the jury returned a verdict for the defendant, and at the same time the foreman handed the clerk a paper, signed by him, stating that the jury would recommend the defendant to reimburse the plaintiff for expense and loss of time caused by the accident. There was nothing but mere outside statements of the jurors to show that the agreement to recommend influenced them in finding their verdict. *Held* not such misconduct as would warrant setting aside the verdict, statements of jurors not being admissible to show misconduct by them.

. SAME—VERDICT CONTRARY TO EVIDENCE.

In an action against a railroad company for injuries received from being caught between two of defendant's vessels, some of the evidence tended to show that the injury was caused by the acts of defendant's servants, and some that it was caused by the motion of the tide. Upon a former trial the jury had disagreed. *Held*, that the verdict for defendant was not so manifestly against the preponderance of the evidence as to warrant setting it aside.

At Law. On motion for new trial.

*Herman H. Shook*, for plaintiff.

*Osborn E. Bright*, for defendant.

WHEELER, J. This action was brought to recover for personal injuries received by the plaintiff from being caught between two vessels belonging to the defendant, while assisting in pushing one past the other in a slip belonging to the defendant, when in its employ. The plaintiff's evidence tended to show that another of the defendant's vessels was run against the one he was pushing, and caused the injury to him. The defendant's evidence tended to show that it was not, and that the injury was caused by the motion of the waters given by the tide, and by passing vessels. The defendants also claimed that those in charge of the other vessel were fellow-servants of the plaintiff, and that, if they did run the other vessel against the one he was pushing, he would be barred from recovering of the defendant for any damage thereby caused on that account. The jury were instructed that the captain and crew of the other vessel, employed for a purpose independent of that in which the plaintiff was engaged, would not so be fellow-servants of the plaintiff that he could not recover of the defendant for injuries done to him by its being carelessly or negligently run against the one on which he was employed, and the question whether it was so run against the one that he was on, to his injury, without his fault, was submitted to the jury in a manner to which his counsel took no exception. The jury returned a verdict for the defendant, and, at the same time, the foreman handed to the clerk a paper signed by him stating that the jury would recommend to the Pennsylvania Railroad Company that the plaintiff be reimbursed for the expenses incurred, and loss of time caused, by the accident while in their employ. This paper was handed to the counsel of the defend-

ant. The plaintiff moves to set aside the verdict as being against the weight of evidence, and for misconduct of the jury in connection with that recommendation.

The cause was tried before upon substantially the same evidence and instructions, and the jury disagreed. There was a fair question of fact involved, on which there was substantial evidence on each side. The constitution of the country, under which the government is carried on, and the court sits, provides that this question should be tried by jury, and that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." Article 7 of amendments. If the verdict was so against the great preponderance of evidence as to show that the jury did not consider and act upon the evidence, but were moved by passion or prejudice, or some other motive, to set it aside would be according to the rules of the common law. But to set it aside because another jury might find the other way would not. The evidence in this case was not so clearly in favor of the plaintiff as to show that the verdict for the defendant was not fairly reached on due deliberation upon all the evidence.

The allegation of misconduct of the jury rests upon an affidavit of conversation with a majority of them since the verdict, in which they said that the recommendation was the basis of their agreement, and that some of them believed that the recommendation would obtain compensation for the plaintiff. Few verdicts would probably be reached if some of the jurors should not, in some measure, yield to the views and judgment of others. If they could themselves overthrow their verdict by stating their grounds for concurrence outside, afterwards, great mischief would follow. If a way was open for giving the reasons, those given would often, probably, not be the true ones. Their deliberations are conclusively merged in their verdict, so far as they are concerned, unless misconduct in reaching it is shown from other sources. Chief Justice SHAW, in *Murdock* v. *Sumner*, 22 Pick. 156, said that affidavits of jurors are to be received with caution, and that the rule is inflexible that they will not be received to show misconduct or irregularity on the part of the jury, or any of them. If their affidavits would not be received, much more should the evidence of loose conversation be refused. The fact of the recommendation is, however, relied upon as, in itself, misconduct, and the statements of the jurors are said in argument to heighten its effect. The recommendation was not any part of the verdict any more than the recommendation of mercy accompanying a verdict of guilty in a criminal case is, and is no more evidence of misconduct. Apparently the jury in this case were moved by sympathy for the plaintiff in his great misfortune to make the recommendation, hoping it would relieve him somewhat from what, in their view, they could not award him compensation for. If this was technically misconduct, it would not furnish ground for setting aside the verdict unless it influenced the finding of the verdict, and there is nothing but the mere outside statements of the jurors to show that it did. In *Owen* v. *Warburton*, 4 Bos. & P. (1 N. R.) 326, the affidavit of an outside person showed that the jury proposed to draw

lots for a verdict, and that of the foreman was relied upon to show that they did so. But Sir JAMES MANSFIELD, C. J., said that the judges, after consultation with other judges upon the subject, were all of the opinion that the affidavit of a juryman could not be received. There is, therefore, no misconduct of the jury made apparent, and no evidence that what is called misconduct had any effect upon the verdict. The motion for a new trial must, upon these considerations, be overruled.

Motion for new trial overruled, and judgment on the verdict ordered.