RUCKLE v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, M. D. Pennsylvania.   March 12, 1912.)

No. 282.

1. NEW TRIAL (§ 6*)—DISCRETION OF COURT.

While it is true that motions for new trial are addressed to the conscience and the sound discretion of the trial judge, they are not to be regarded as an opportunity to be seized for the satisfaction of the whims or caprices of such judge.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6.*]

2. NEW TRIAL (§ 44*)—MISCONDUCT OF JURY—HARMLESS ERROR.

Although three jurors testified that, while deliberating, reference was made that defendant had all its men insured against accident, and that the insurance company would be required to pay any damages arising from accident, and not defendant, a new trial would not be granted for that reason, as they further stated that this did not influence them in finding their verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80–85; Dec. Dig. § 44.*]

3. NEW TRIAL (§ 143*)—VERDICT—IMPEACHMENT BY JURORS.

The deliberations of jurors are conclusively merged in their verdict, so far as they are concerned, unless misconduct in reaching it is shown from other sources than from jurors themselves.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

At Law.   Action by Charles C. Ruckle against the American Car & Foundry Company.   On defendant's motions for judgment non obstante veredicto and for new trial.   Motions denied.

Paul J. Sherwood, for plaintiff.

Sprout & Cupp, for defendant.

WITMER, District Judge.   The defendant comes with two motions; one for judgment non obstante veredicto, and one for new trial.   The latter is urged for two reasons:

"First, because of the false testimony of the plaintiff in respect to the injuries resulting from his falling into the ditch; and, second, because the jury had received information that the defendant was indemnified by an insurance company, which doubtless prejudiced their minds and overwhelmed their judgment."

[1] In considering these reasons it will not be amiss to recall that, while it is true that motions for a new trial are addressed to the conscience and the sound discretion of the trial judge, they are not to be regarded as an opportunity to be seized for the satisfaction of the whims or caprices of such judge.   The granting of new trials depends upon well-established and fundamental principles of the law. It is the purpose of the courts to bring litigation to an end as speedily as possible, and this should not now escape us at a time when much complaint is made of the law's delays.   The object to be attained, no doubt, is responsible for the rule that the granting of new trials is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not a matter of right, but of discretion, to be exercised only for, sound reason.

It is not for the court to say whether the narrative of the plaintiff is unworthy of belief. His testimony, together with that of the witnesses contradicting him, was in issue at the trial and submitted to the jury; and, judging of its weight and effect, the jury gave him their verdict, from which may be inferred their view of it. Since the trial, testimony was collected to contradict the plaintiff. Some of the witnesses who testified were in attendance upon the trial; in fact, all could have been secured by due diligence. It is, however, very doubtful whether the result would have been different, had they then testified, nor is it likely that the result would be different upon a new trial, judging from the result of a trial of the defendant who has since been prosecuted, regarding his testimony, for willful perjury, and acquitted; all of the witnesses having been called and testified.

[2] The second reason assigned would deserve more serious consideration on competent proof that through the statement of counsel, the offers of proof, or by questions asked witnesses or jurors, it was brought to the attention of the jury that the defendant was insured by an employer's liability company, which influenced the jury in reaching a verdict. It was, however, not made to appear that the jury was influenced in manner; and, furthermore, the proof relied on is far from satisfactory. Three of the jurors testified that, while deliberating, reference was made that the defendant had all of its men insured against accident, and that the insurance company would be required to pay any damages arising from accident, and not the defendant. They furthermore stated that this did not influence them in finding their verdict.

[3] The deliberations of jurors are conclusively merged in their verdict, so far as they are concerned, unless misconduct in reaching it is 'shown from other sources than from jurors themselves. If it were different, there would be absolutely no stability to verdicts.

This question was passed upon in this state at a very early day, by the Supreme Court in Cluggage v. Swan, 4 Bin. (Pa.) 150, 5 Am. Dec. 400, where Justice Yeates expressed the conclusion of his sound reasoning there employed that:

"The settled rule in New York and Virginia, as well as the most modern English authorities, are averse to the receiving of such testimony, and I cannot discover why we should be more inattentive to the reputation and feelings of our own jurors. Upon the whole, after the fullest consideration, I am of the opinion that the testimony of jurors ought not to be admitted to invalidate their verdict."

Since then, down to Stull v. Stull, 197 Pa. 243, 47 Atl. 240, this has been, and is to-day, the ruling of the state courts. The early cases of the federal courts hold that juror's affidavits cannot be read to show mistake, miscalculation, or misconduct on the part of the jury. Ladd v. Wilson, 1 Cranch, C. C. 305, Fed. Cas. No. 7,977; Cherry v. Sweeny, 1 Cranch, C. C. 530, Fed. Cas. No. 2,641; Holmead v. Corcoran, 2 Cranch, C. C. 119, Fed. Cas. No. 6,627. And to this effect appears Kelley v. Pennsylvania R. R. Co. (C. C.) 33 Fed. 856. Chief Justice Taney, in United States v. Reid et al., 12 How. 361,

13 L. Ed. 1023, while doubting the propriety of laying down a general rule upon this subject, states that:

"Unquestionably such evidence ought always to be received with great caution. But cases might arise in which it would be impossible to refuse them without violating the plainest principles of justice. It is, however, unnecessary to lay down a rule in this case, or examine the decisions referred to in the argument, because we are of the opinion that the facts proved by the jurors, if proved by unquestioned testimony would be no ground for a new trial."

Both of the jurors had sworn that they were not influenced in their verdict, as in the case under consideration.

Finally, this is clearly a case for a jury. Accepting the testimony of the plaintiff, which the jury did, the defendant was guilty of negligence, resulting in the injury of the plaintiff, to which he was not contributory. The issues of fact were carefully and clearly stated, and the jury found for the plaintiff.

The motions for judgment non obstante veredicto and for new trial are denied. The clerk is directed to enter judgment on the verdict for the sum of $5,472.22, with interest from June 16, 1911. To which an exception is noted for the defendant.