### BRENNAN v. BUDDENHAGEN.
#### No. 3729.

District Court, M. D. Pennsylvania.
July 12, 1937.

Ulric H. McHale and Frank J. McDonnell, both of Scranton, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is an action of trespass to recover damages for injuries resulting from an automobile collision. The case was tried before the court and a jury and a verdict was rendered for the defendant. The plaintiff now moves for a new trial, relying at the argument upon the reason that the verdict was against the weight of the evidence, and that the verdict was not the unanimous verdict of the jury, but was a compromise verdict forced by the illness of Florence Lloyd, one of the jurors.

Under the evidence a question of fact, the cause of the accident, arose, which was clearly for the jury. The plaintiff testified that the defendant failed to stop at a stop sign on Belmont street in the city of Carbondale, and while proceeding to make a left-hand turn onto Canaan street, collided with the car in which plaintiff was riding. This testimony was supported by the driver of the car in which plaintiff was a passenger, and by the testimony of two disinterested witnesses. Defendant testified that he stopped at the stop sign; that he had ample time to make the left-hand turn; that when his car was parallel to the curb on the right side of Canaan street, the car in which plaintiff was a passenger collided with defendant's car. This testimony was supported by the testimony of four persons who were occupants of defendant's car and by one disinterested witness. Under these circumstances the case was properly submitted to the jury and the jury were warranted in finding for the defendant.

In support of the reason that the verdict was not the unanimous verdict of the jury, there are annexed to plaintiff's brief three affidavits. The first affidavit, by a member of the jury, is to the effect that the case was submitted to the jury on Saturday afternoon, April 4, 1936; that on April 5, 1936, while the jury was unable to agree, Florence Lloyd, one of the jurors complained of serious illness, and affiant, believing her to be dangerously ill and that further confinement in the jury room would cause her bodily harm, agreed on a verdict in favor of the defendant; that the verdict was contrary to affiant's conviction; and that he would never have agreed to such verdict had it not been for the said illness. The other two affidavits are by

bailiffs who were in charge of the jury. They are to the effect that on April 5, 1936, they were informed by the jury that one of the jurors was ill; that shortly thereafter they were notified that the jury had agreed upon a verdict.

■■ The general rule is that the losing party cannot, to secure a new trial, use the testimony or affidavits of jurors to impeach their verdict. In McDonald v. Pless, 238 U.S. 264, 267, 35 S.Ct. 783, 784, 59 L. Ed. 1300, the Supreme Court of the United States said:

"If the facts were as stated in the affidavit, the jury adopted an arbitrary and unjust method in arriving at their verdict, and the defendant ought to have had relief, if the facts could have been proved by witnesses who were competent to testify in a proceeding to set aside the verdict. But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference. * * *

"There are only three instances in which the subject has been before this court. In United States v. Reid, 12 How. 361, 366, 13 L.Ed. 1023, 1025, the question, though raised, was not decided because not necessary for the determination of the case. In Clyde Mattox v. United States, 146 U.S. 140, 148, 13 S.Ct. 50, 36 L.Ed. 917, 920, such evidence was received to show that newspaper comments on a pending capital case had been read by the jurors. Both of those decisions recognize that it would not be safe to lay down any inflexible rule because there might be instances in which such testimony of the juror could not be excluded without 'violating the plainest principles of justice.' This might occur in the gravest and most important cases; and without attempting to define the exceptions, or to determine how far such evidence might be received by the judge on his own motion, it is safe to say that there is nothing in the nature of the present case warranting a departure from what is unquestionably the general rule, that the losing party cannot, in order to secure a new trial, use the testimony of jurors to impeach their verdict."

This rule has long been the rule in Pennsylvania, Lessee of Cluggage v. Swan, 4 Bin. (Pa.) 150, 5 Am.Dec. 400; Friedman v. Ralph Brothers, Inc., 314 Pa. 247, 171 A. 900; and has been followed in this district in the case of Ruckle v. American Car & Foundry Company (C.C.) 194 F. 459, 460 wherein Witmer, District Judge, said: "The deliberations of jurors are conclusively merged in their verdict, so far as they are concerned, unless misconduct in reaching it is shown from other sources than from jurors themselves. If it were different, there would be absolutely no stability to verdicts."

This case comes within the rule of McDonald v. Pless, supra, and there is nothing in the nature of this case warranting a departure from that rule.

The reasons for a new trial are dismissed, the motion for a new trial overruled, and a new trial is refused.