## Angus Buchanan, Plff. in Err., v. Commonwealth of Pennsylvania.

---

## James McPhilamy, Plff. in Err., v. Same.

Where, upon conviction for burglary, a motion for a new trial and arrest of judgment was based upon the ground that only forty-eight jurors were summoned in a court of oyer and terminer, one of whom was not qualified, it was—*Held*, that as the defect was one occurring in the drawing and summoning of the jurors, it is met and cured by the first section of the act of February 21, 1814.

(Argued October 14, 1886.   Decided November 1, 1886.)

October Term, 1886, Nos. 133, 134, W. D., before GORDON,

Cited in Com. v. Clemmer, 190 Pa. 207, 42 Atl. 675.

NOTE.—Forty-eight jurors must be summoned for the court of oyer and

PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. Certiorari to the Oyer and Terminer of Lawrence County to review a judgment of conviction on an indictment for burglary. Affirmed.

The facts and questions raised appear from the following portion of the record in the court below:

"Now, September 13, 1886, the counsel for James McPhilamy and Angus Buchanan having severally requested the court to put upon the record in this case a full statement of facts pertaining to the motion made by them to arrest the judgment against the said defendants, the court does file as part of the record in this case the following statement:

"As appears by the *venire* and the returns thereto, the names of forty-eight persons were drawn from the jury wheel and written on a panel attached to the *venire*. All the persons whose names were so drawn were summoned and returned to serve as petit jurors at the court of oyer and terminer at May sessions, 1886.

"Separate trials having been granted to James McPhilamy and Angus Buchanan, the court on May 17, 1886, directed a jury to be called to try James McPhilamy. Among the persons called in selecting such jury was one Max Geiger, whose name was on said panel. When Mr. Geiger appeared the clerk of the court asked him the usual question—'Are you a citizen?'—to which he answered 'No.' Upon further inquiry by the court it was ascertained that Mr. Geiger was an alien; that he had declared his intention to become a citizen of the United States, but had not been naturalized. Thereupon the court excused him from further attendance upon the court as a juror. Other jurors were called and a full jury obtained, and the trial was proceeded in and concluded without any objections by or on behalf of James McPhilamy, because said Max Geiger was incompetent to serve as a juror, or because forty-eight persons competent and qualified

terminer. If not, the defect is not cured by verdict. Donaldson v. Com. 95 Pa. 21. But it is sufficient if that number be drawn, though not in attendance (Rolland v. Com. 82 Pa. 306, 22 Am. Rep. 758; Showers v. Com. 120 Pa. 573, 14 Atl. 401; Com. v. Seybert, 4 Pa. Co. Ct. 152) ; or where one or more are disqualified (Foust v. Com. 33 Pa. 338).

Objections to the summoning and returning must be made before the plea is entered. This is provided by § 53 of the act of March 31, 1860 (P. L. 427) which is a transcript of the act of February 21, 1814, though leaving it unrepealed.

to serve as jurors had not been summoned and returned as petit jurors at that term of court.

"On May 19, 1886, after the trial of James McPhilamy was concluded in court and the jury had retired to deliberate on their verdict another jury was called, from the same general panel, in the manner usual in trials in the court of oyer and terminer, for the trial of Angus Buchanan, whose trial was proceeded in and concluded without any objection on the ground that said Max Geiger was an alien or incompetent to serve as a juror, or on the ground that forty-eight persons competent and qualified to serve as jurors had not been summoned and returned to serve as petit jurors at that term of court.

"On May 21, 1886, after both these juries had returned verdicts the said defendants filed the motion, which is of record, for a new trial and in arrest of judgment. This motion the court overruled and sentenced the defendants."

Defendants took this writ, specifying as error: 1. There was no legally constituted court of oyer and terminer. 2. The record does not show that the prisoner was present at the trial, rendering the verdict, or at the time of sentence.

The reason given in the motion in arrest of judgment was that "the number of legal jurors required by law, to wit, forty-eight, were not drawn and summoned on the panel for the May term of said court, one of the persons so drawn not being a qualified elector of the county, but an unnaturalized foreigner, and not eligible as a juror, and should not have been selected as such by the sheriff and commissioners."

*J. L. McClelland* and *W. C. Bear,* for plaintiffs in error.— The second section of the act of April 10, 1867 (Purdon's Digest, 958), provides that "jurors shall be selected from the whole qualified electors of the respective county at large," etc.

Max Geiger, an alien, was regularly summoned and returned as a qualified elector. This was not a defect or error in the *venire,* the drawing, summoning, or returning of the jurors, such as would be cured by § 53 of the act of March 31, 1860; but the irregularity occurred back of all this, when Max Geiger was selected as a juror and his name placed in the wheel.

In Foust v. Com. 33 Pa. 343, and other cases in which the principle involved in this case has been discussed, jurors were selected under § 85 of the act of April 14, 1834, which provides

that jurors shall be selected from the taxable citizens of the county. In the later act, under which we now select jurors, the legislature doubtless intended to throw more safeguards around our jury system when it said jurors should be selected from the "qualified electors." It is true that circumstances which disqualify and excuse jurors from serving occur with nearly every panel of jurors drawn, but in this case the juror was not disqualified because he had never been qualified.

The act of April 14, 1834, § 113, provides that "the number of persons who shall be summoned and returned, as aforesaid, to serve as petit jurors in any court of oyer and terminer, shall not be less than forty-eight nor more than eighty," etc.

Without a panel of forty-eight jurors summoned and returned for service, an essential constituent of the court of oyer and terminer is wanting. Donaldson v. Com. 95 Pa. 21.

Max Geiger was not a qualified elector, hence the service and return of his name as a juror went no further towards constituting a legal panel for the oyer and terminer than if no service or return had been made. The plaintiffs in error therefore claim that but forty-seven jurors were summoned and returned, and therefore there was not a legally constituted court of oyer and terminer.

There being no court of oyer and terminer, the going to trial on the merits could not cure the defect and legalize the court. No consent can alter or modify the known, certain, uniform, prescribed rules of trial in criminal cases. 1 Pittsb. 497; 69 Pa. 286.

To the second assignment of error we have only to say that every felony which at any time by act of assembly was punishable with death is still considered as a capital offense, as far as regards the course of the trial, although capital punishment is now taken away from every crime except murder in the first degree. Jacobs v. Com. 5 Serg. & R. 315.

In capital felonies, the record must show that the prisoner was present at the trial, verdict, and passing of sentence. Dunn v. Com. 6 Pa. 384; Prine v. Com. 18 Pa. 103; Dougherty v. Com. 69 Pa. 286.

*S. L. McCracken,* District Attorney, and *M. McConnell,* for the commonwealth.—The charge was felonious burglary. The acts of assembly, since the act of April 14, 1834, make no change

in the law as to the number of qualifications of jurors requisite for the court of oyer and terminer.

It is not a right of defendants to have forty-eight jurors in actual attendance in the oyer and terminer. Rolland v. Com. 82 Pa. 306, 22 Am. Rep. 758.

It is no cause of challenge to the array in the oyer and terminer that but forty-eight jurors were summoned, one of whom was not a citizen of the county, but an unnaturalized foreigner, not eligible as a juror. The nonattendance of such juror is of no consequence, especially after verdict. So decided in a capital case. Foust v. Com. 33 Pa. 338.

There was no special allowance of the writ in this case by the supreme court, nor any justice thereof, as required by law.

The minutes of trial kept by the court during the progress of the trial show that the defendants were in court. This though proper is not essential.

PER CURIAM:

To constitute a court of oyer and terminer it is necessary that forty-eight jurors be drawn and returned, but as was said in Foust v. Com. 33 Pa. 338, it is not cause of challenge to the array that only forty-eight jurors were summoned, one of whom was not qualified. So, as the defect complained of was one occurring in the drawing and summoning of the jurors, it is met and cured by the first section of the act of February 21, 1814. The other exception is of ready disposition by the fact that the records, the clerk's minutes, do show that the defendants were present during the whole trial.

Judgment in each case affirmed, and it is ordered that the record be remitted to the court below for execution.