Friedman, Appellant, *v.* Ralph Brothers, Inc.

Argued January 30, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. A. Gross,* with him *Asher Seip* and *Frank P. Mc-
Cluskey,* for appellant.

*W. J. Paff*, of *Smith & Paff*, for appellee.

Opinion by Mr. Justice Kephart, March 19, 1934:

Plaintiff requested a new trial in the court below because of the improper conduct of the foreman of the jury in personally visiting the place where the accident occurred, the liability for which was then before the jury, and communicating knowledge learned while at the place of the accident to other members of the jury. The foreman denied some of the charges, and the jurors were not in accord as to what the foreman had related.

We cannot condemn too severely the act of a juror personally viewing the place of an accident or any matter subject to judicial investigation which is not performed under the security and protection of the court. Such acts are improper and a juror should not only be censured for such conduct but, if necessary, punished by the court, and if the act was of sufficient importance, a mistrial should be directed. The particular thing complained of here was that the foreman measured some distances at the scene of the accident; but this could not have influenced the jury for it appears the distances were all in evidence and all the facts which the juror may have reported were properly before the jury. See Com. v. Filer, 249 Pa. 171. What is more important, we cannot accept the statement of jurors as to what transpired in the jury room as to the propriety or impropriety of a juror's conduct: Com. v. Bergdoll, 55 Pa. Superior Ct. 186; Com. v. Wilson, 19 Northampton 114. To do so, would destroy the security of all verdicts and go far toward weakening the efficacy of trial by jury, so well grounded in our system of jurisprudence. Jurors cannot impeach their own verdict. Their deliberations are secret and their inviolability must be closely guarded. Only in clear cases of improper conduct by jurors, evidenced by competent testimony, should a verdict, which is fully supported by the evidence, be set aside and a new trial granted,

The second reason for a new trial was that one of defendant's drivers is alleged to have stated to a juror "If you don't win this case for Ralph Brothers [defendants] it means my job." The testimony on this point is so unsatisfactory that we may exclude it entirely from consideration. Moreover, it is flatly denied by the driver and by the juror to whom the witness said the driver talked.

The third reason in support of the motion was a statement that the foreman of the jury, after the verdict was sealed, refused to permit a juror to change her vote. We have held recently, following a long line of cases, that the oral verdict given in open court is the only verdict of the jury: Eastley v. Glenn, 313 Pa. 130. The jury's verdict was orally announced in court without dissent from any juror. This action is final.

The charge that one of the jurors spoke to one of defendant's counsel, without indicating what was said or that any attempt was made to influence the juror, is obviously most trivial.

We do not condone the conduct of the jurors here involved, but we find that the discretion of the trial court was not abused in refusing a new trial.

Judgment affirmed.