## Redmond, Appellant, *v.* Pittsburgh Railways Company et al.

Argued October 7, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Morris M. Berger*, with him *Charles J. Margiotti* and *John E. Evans, Jr.*, of *Margiotti, Pugliese, Evans & Buckley*, for appellant.

*E. W. Langfitt,* with him *Alan D. Riester, J. R. Mc-Nary* and *Ralph P. Tannehill,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

In this action to recover damages for personal injuries it is not necessary to state any of the facts out of which the suit grows, because the only question submitted to us by plaintiff, appellant, is whether there was misconduct on the part of a juror in the case warranting the granting of a new trial and whether its refusal constitutes an abuse of discretion by the court below.

The allegation is that one of the jurors early in the course of the trial expressed himself as being favorable to one of defendants, the Pittsburgh Railways Company, and stated that he would hold the jury up for a long period of time before rendering a verdict against it. It is also alleged that he knew counsel for this defendant, but on his voir dire examination did not so acknowledge. The testimony to support the allegations was taken by depositions seven months after the date of the verdict. It impresses us, as it did the trial judge, as being vague and indefinite. The charges are based upon the testimony of the foreman of the jury, who was withdrawn from it for improper conduct, by agreement of counsel on both sides, who stipulated that the case should be heard by the eleven remaining jurors, and are attempted to be supported by the testimony of other jurors who served throughout the trial and joined in the verdict rendered.

Hence we have a situation where a verdict is sought to be impeached by the testimony of jurors. We have long determined that in the exercise of a sound policy verdicts of a jury cannot be impeached in this way. Speaking through Mr. Justice YEATES on September 23, 1811, in *Cluggage v. Swan,* 4 Binney 150, we said (p. 158) : "By admitting it [testimony of jurors to impeach their verdict] I . . . perceive, that I should open a door to the exercise of the most pernicious arts, and

tampering with jurors; and that the practice would be replete with dangerous consequences. . . . I greatly fear that the practice if adopted, would tend to an inquisition over the consciences of jurors, as to the grounds and reasons of their verdict, and bring questions of fact more frequently before the court for their decision, than is consistent with sound policy. I am opposed to penetrating into the recesses of a jury-room, through the instrumentality of jurors, who are kept together until they have agreed upon their verdict. . . . After the fullest consideration, I am of opinion, that the testimony of jurors ought not to be admitted to invalidate their verdicts." Speaking through the present Chief Justice in *Friedman v. Ralph Bros., Inc.,* 314 Pa. 247, 171 A. 900, we repeated the thought and reaffirmed the policy so long ago announced by saying (p. 249) : "What is more important, we cannot accept the statement of jurors as to what transpired in the jury room as to the propriety or impropriety of a juror's conduct. . . . To do so, would destroy the security of all verdicts and go far toward weakening the efficacy of trial by jury, so well grounded in our system of jurisprudence. Jurors cannot impeach their own verdict. Their deliberations are secret and their inviolability must be closely guarded."

The trial judge found as a fact that appellant did not support his allegation concerning prejudice on the part of one of the jurors and also that there was ample and sufficient competent evidence in the case to sustain the verdict as found by the jury. "This finding of fact precludes any action on our part since it is supported by the evidence": *Hostetler v. Kniseley,* 322 Pa. 248, 255, 185 A. 300, 303.

Our review of the record shows no abuse of discretion in refusing a new trial.

The judgment is affirmed.