### ROSEN et al. v. MARIETTA et al.
### Civ. No. 1722.

District Court, W. D. Pennsylvania.

. Feb. 26, 1943.

Louis J. Groudine, of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant J. D. Marietta.

A. Arthur Boscia, of Pittsburgh, Pa., for defendant John Olivito.

McVICAR, District Judge.

This is an action by Ruth Rosen and Herbert Rosen, her husband, against J. D. Marietta, et al., to recover damages resulting from an intersection automobile accident alleged to have been caused by negligence. John Olivito, the driver of the automobile in which plaintiffs were riding at the time of the accident, was made a third-party defendant. At the trial, the action was dismissed as to all the defendants with the exception of John Olivito and J. D. Marietta. The case came on for trial before the writer of this opinion May 13, 1942. The trial was concluded Friday, May 15, 1942, at which time the jury retired for the purpose of determining their verdict. They arrived at a verdict two or three hours after court had adjourned for the day. They sealed their verdict and placed the sealed verdict in the hands of the forelady of the jury. On Saturday morning, when court convened at 10 A. M., the jury assembled in the courtroom in which His Honor, Judge Robert M. Gibson was presiding. The Clerk of the Court asked the jury whether they had agreed upon a verdict. That they had agreed was made known by the forelady. The Clerk received the sealed verdict which was presented to Judge Gibson who opened the same, and what occurred thereafter is set forth in the statement of Judge Gibson, in writing, which reads:

"The Clerk read the verdict as follows:

" 'Hearken to your verdict as recorded by the Court: In the case of Ruth Rosen and Herbert Rosen her husband vs. J. D. Marietta you say you find a verdict in favor of J. D. Marietta, defendant; and find a verdict for Ruth Rosen for two thousand dollars, and so say you all.'

"After the Court accepted the verdict one of the jurors, identified as Mrs. Sarah Langue, approached the bench and asked if she might say something to the Court. On being given permission she stated, in substance, that she worried all night about the verdict; that it was wrong as to Mr. Rosen being guilty of contributory negligence; that as far as she was concerned the verdict was brought under duress."

The court record of the verdict and judgment, is as follows:

"May 16, 1942   The jury find a verdict in favor of J. D. Marietta, defendant; and find a verdict for Ruth Rosen for two thousand dollars-verdict filed.

" " 16, "   Pursuant to verdict, judgment is hereby entered in favor of Ruth Rosen and against John Olivito, third-party defendant, in the sum of $2000.00."

The plaintiffs, Ruth Rosen and Herbert Rosen, filed a motion for a new trial, alleging fourteen reasons therefor. The first reason was the only reason argued, which is as follows: "1. The written verdict as recorded by the Clerk was not the verdict of the Jury and its reception was irregular. In support thereof there is attached hereto as a part hereof and marked Exhibit 'A' an affidavit by Herbert Rosen, one of the Plaintiffs, setting forth the facts pertaining to the reception of said verdict and the dissent of a Juror thereto in Open Court prior to the dismissal of the Jury by the Court."

The question before the Court is whether a new trial should be granted by virtue of the aforesaid reason. The basic case on this subject is Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 44 L.R.A. 432, which has been followed since its rendition by the courts of Pennsylvania and the Federal courts. The latest case in Pennsylvania is Havranek v. Pittsburgh et al., 344 Pa. 375, 25 A.2d 703, 704. In that case the jury retired to consider its verdict on a Friday. A verdict was sealed and was returned in Open Court on the following Monday. Before the Court received the verdict, the judge who was presiding, was visited by four women jurors who told him that they were dissatisfied with the verdict. "The judge instructed them that the time to express themselves was when the question would be asked whether they had agreed upon a verdict. When, thereupon, in open court, the jury were called upon to render their verdict, one of these jurors explained that she and the other three were not 'satisfied' with the verdict; she stated that they felt as though they were 'sort of swayed,' that after they had listened to the other jurors, who they thought knew more about driving a car, they concluded they would change their opinion, which they did against their 'better convictions'; she admitted that all of them had agreed upon the verdict as sealed, and that they were not subjected to coercion of any kind, but 'I just felt, well it was getting late and I would agree with the rest, but it was against my better judgment.' * * * Subsequently the juror who had acted as spokesman for the four was again questioned by the trial judge in his chambers, but added nothing to what she had previously stated." The Supreme Court, in its opinion, stated further: "It is only the oral verdict which, when received and recorded by the court, constitutes the valid and legal verdict. * * * But when a verdict is orally announced in court and there is no dissent from any juror, such action is final and the verdict stands as rendered. Friedman v. Ralph Brothers, Inc., 314 Pa. 247, 250, 171 A. 900, 901. The mere statement by the four jurors that they were not 'satisfied' with the verdict was of no legal significance, because jurors frequently agree upon verdicts with which many or all of them are not 'satisfied', compromises being required if a unanimous verdict is to be obtained. The motive, if not corrupt, which induces jurors to acquiesce in a verdict is immaterial. Though here the four jurors may have agreed against their own 'better judgment', the essential point is that they did agree, and, even if not 'satisfied,' they did not object to the announcement of the verdict as being the verdict of the jury nor declare that they, or any of them, found for the plaintiff. Whatever power, therefore, the court might have had to set the verdict aside if, in its discretion, it believed that a new trial should be granted, it could not do so on the sole ground upon which it acted, namely, that the verdict was not a legal one."

In Friedman v. Ralph Brothers, Inc., 314 Pa. 247, 249, 171 A. 900, 901, the Court stated: "Only in clear cases of improper conduct by jurors, evidenced by competent testimony, should a verdict, which is fully supported by the evidence, be set aside and a new trial granted."

This case consumed about two days in trial. It was carefully and well tried by the counsel on both sides. The verdict rendered was fully supported by the evidence. The statement made by one of the jurors after the oral verdict had been received in Open Court and accepted, does not set forth that she did not agree to the verdict rendered. Her statement impliedly admits that she did agree to said verdict. The statement by this juror that "as far as she was concerned the verdict was brought under duress" is not supported by any evidence, nor is there any evidence that the juror (a laywoman) knew the legal meaning of the word "duress", nor does she state what constituted the alleged duress. The verdict and judgment in favor of J. D. Marietta, defendant, should not be disturbed.

In the disposition of the above motion the affidavit of Mrs. Hildegarde Coleman, forelady of the jury, and ten other jurors,

was not considered, although such motion was ordered filed.

John Olivito filed a motion for a new trial in which he set forth six reasons, the first reason being: "1. The verdict is invalid for the reason that a Juror dissented thereto in Open Court immediately upon it being read to the Jury by the Clerk and before the Jury was dismissed by the Court."

He was present at the time of the hearing of this motion by his attorney, who stated that he did not desire to be heard. I conclude that the verdict and judgment against him should not be disturbed.

#### Order of Court.

And now, to wit, February 26, 1943, the motion of Ruth Rosen and Herbert Rosen, her husband, to set aside the verdict and for a new trial, and the motion of John Olivito, defendant, to set aside the verdict and for a new trial, came on for hearing, and after hearing and consideration of said two motions, the same are refused.