Commonwealth ex rel. Kaylor *v.* Ashe, Warden.

Argued April 17, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John Drew,* for petitioner.

*Owen B. McManus,* Assistant District Attorney, with him *William Rahauser,* District Attorney, for respondent.

PER CURIAM, July 20, 1950:

Relator on February 8, 1950, presented to this Court his petition for writ of habeas corpus. We granted a rule to show cause why the writ should not issue. Answers were filed to the petition. The case was listed for argument, and upon petition of the relator we appointed counsel who made an oral argument and filed a brief on his behalf. The District Attorney of Allegheny County filed a brief and presented the argument for the Commonwealth.

The reasons advanced by relator in his petition for the writ were (1) that relator was convicted on the basis of perjured testimony; (2) that relator was not properly represented by counsel; and (3) that relator was denied the right to be present in person during the selection and impaneling of the jury at his trial. The first two contentions have no merit. See *Com. ex rel. DePoe v. Ashe*, 167 Pa. Superior 23, 74 A. 2d 767. Present counsel for relator, at the argument and in his brief, concedes that there would be no useful purpose served by arguing these points.

Relator who is now confined in the Western State Penitentiary was charged with the commission of statutory rape and incestuous adultery on his thirteen-year-old daughter.

It appears from the record that relator was indicted for statutory rape at No. 50, May Sessions, 1947, in the Court of Oyer and Terminer of Allegheny County, and for incestuous adultery at No. 103, May Sessions, 1947, in the Court of Quarter Sessions of Allegheny County. The bill of indictment charging incestuous adultery was certified to the Court of Oyer and Terminer, and relator was tried on the two bills of indictment on May 27, 1947. The jury returned a verdict of guilty on each bill. On June 20, 1947, relator was sentenced on bill No. 50, May Sessions, 1947, to undergo imprisonment in the Western State Penitentiary for a term of not less than seven and one-half years nor more than fifteen years, the sentence to be effective as of April 22, 1947. Sentence was suspended on bill No. 103 by reason of the sentence on the statutory rape charge on bill No. 50.

Relator attempts to support the averment in his petition that he was not present when the jury which was to try him was selected and impaneled by submitting an affidavit of Martin E. Geary, Esq., the attorney appointed by the trial court to represent relator at his trial. The affidavit sets forth "that, pursuant to such

appointment, and acting in his capacity as said Kaylor's counsel, he, the said Geary, was present at, and participated in the selection and impanelling of a jury to try said Kaylor for such crimes; that said Kaylor was not present during, nor did he participate in, the selection and impanelling of such jury; that, after the selection and impanelling of such jury he, the said Geary, went to the prisoners' cage in another and separate part of the Court House, where the said Kaylor was being held awaiting trial, . . ."

However, the minute book of the Court of Oyer and Terminer of Allegheny County, May Sessions, 1947, contains the following entry in Com. v. Theodore Kaylor, No. 50, May Sessions, 1947: "And Now, May 27th, 1947 defendant being present in open Court pleads non cul et de hoc. District Attorney similiter. Issue joined. EODIE a jury called there came [names of jurors], . . . impaneled and sworn . . ." A substantially similar entry is found on the record book for the indictment at No. 103, May Sessions, 1947.

The alleged denial of due process was presented to the Supreme Court in *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799, for the same reason as in the present case. In the *Spencer* case Mr. Justice JONES, speaking for the Supreme Court, in refusing a writ of habeas corpus, said (page 444 of 364 Pa., page 800 of 71 A. 2d) :

"The relator alleged that he was denied due process for the reason, inter alia, that, at his trial in the court below, the jury was impaneled in his absence. The able argument of his appointed counsel understandably assumes such to have been the case. The fact is, however, as the record affirmatively shows, the defendant *was* present in court at the time in question. Thus, the minute book of the Court of Oyer and Terminer of Allegheny County, October Sessions 1948, contains the following pertinent entry: 'And now October 21, 1948, defendant present in open court pleads non cul et de hoc.

District Attorney similiter. Issue joined. EODIE a jury being called and came . . . [names of jurors], . . . impaneled and sworn. . . .'

"In Commonwealth ex rel. McGlinn v. Smith, 344 Pa., 41, 47, 24 A. 2d 1, our present Chief Justice quoted approvingly from Johnson v. Zerbst, 304 U. S. 458, as follows,— ' "A judgment cannot be lightly set aside by collateral attack even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity." ' In the present instance, we have not only a presumption of the regularity of the judgment of conviction but also direct proof that the factual basis of the alleged irregularity did not actually exist. There is nothing in the case to justify a departure from the stated record. Until the contrary affirmatively and competently appears, the relator is bound by the record: see Prine v. Commonwealth, 18 Pa. 103." See, also, *Buchanan v. Commonwealth,* 4 Sadler 10.

Relator attacks the correctness of the entry in the minute book of the Court of Oyer and Terminer of Allegheny County in this habeas corpus proceeding.

If the record in the Court of Oyer and Terminer of Allegheny County was incomplete or incorrect, amendment or corrections should have been sought by appropriate proceedings rather than by attempted impeachment on habeas corpus. We think relator is in no position to allege anything in contradiction of the record. The conduct of the trial is not to be attacked in this way. See *Com. ex rel. Ross v. Egan,* 281 Pa. 251, 253, 126 A. 488.

We shall adhere in this habeas corpus proceeding to the principle that such record cannot be impeached collaterally by affidavits or other evidence or matters dehors the record. See 4 C. J., Appeal and Error, §2287, pp. 512-515; 3 Am. Jur., Appeal and Error, §692, pp. 284, 285; *Werfel v. Commonwealth,* 5 Binney 64; *Wood-*

268

*ward & Williamson's Assessment,* 274 Pa. 567, 118 A. 552; *Doylestown Distilling Co.'s Application,* 9 Pa. Superior Ct. 96; *Quinn's License,* 11 Pa. Superior Ct. 554; *Com. v. Crandall,* 145 Pa. Superior Ct. 353, 21 A. 2d 232. Cf. *Redmond v. Pittsburgh Railways Co.,* 329 Pa. 302, 198 A. 71.

In *Com. ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281; Id., 363 Pa. 596, 70 A. 2d 625, to which present relator refers, it was held that the relator had presented a prima facie case entitling him to a writ of habeas corpus when he averred that he had been deprived of his right to be present at the time of the rendition of the verdict against him; but the records of the court were silent as to the whereabouts of the relator at the time the jury returned its verdict.

The rule is discharged, and the writ is refused.