Commonwealth ex rel. Darcy *v.* Claudy.

*Charles J. Margiotti, J. Dress Pannell* and *Morton Witkin,* for relator.

OPINION PER CURIAM, April 10, 1951:

David Darcy was indicted with three others for the unlawful killing of William Kelly on December 22, 1947. A jury found him guilty of murder in the first degree and fixed the penalty at death. The Court of Oyer and Terminer of Bucks County, in which county the murder occurred and the case was tried, affirmed the conviction.

Darcy appealed to the Supreme Court of Pennsylvania and was represented at the argument by his trial lawyer and by two other counsel. The principal ground urged for a new trial was that, for certain reasons then presented, he had been denied due process of law in violation of the 14th Amendment. On May 26, 1949 the conviction and sentence were affirmed in

an opinion by the late Chief Justice MAXEY (362 Pa. 259, 66 A. 2d 663).

A petition was then presented to the Supreme Court of the United States for a writ of certiorari, which was denied on October 24, 1949 (338 U. S. 862, No. 96 Misc.).

On August 1, 1949 a petition was filed in the Supreme Court of Pennsylvania for a writ of habeas corpus, again on the ground that, for other reasons then stated, the relator had been denied due process of law in violation of the 14th Amendment. On August 12, 1949 the writ was refused.

A petition was again presented to the Supreme Court of the United States for a writ of certiorari, which was denied also on October 24, 1949 (338 U.S. 862, No. 102 Misc.).

A petition was then presented to the Board of Pardons of the Commonwealth of Pennsylvania for commutation of the sentence to life imprisonment. On March 21, 1951 the petition was refused. On March 31, 1951 a request for rehearing was likewise refused.

On April 2, 1951 a petition was presented to the Supreme Court of Pennsylvania for reargument of the motion for a new trial which had been heard and decided by the Court two years previously. The petition was denied.

On April 3, 1951 a petition for a writ of habeas corpus was filed in the United States District Court for the Middle District of Pennsylvania.

On April 9, 1951 the present petition for a writ of habeas corpus was filed in the Supreme Court of Pennsylvania, again on the ground that, for still other reasons now stated, relator had been denied due process of law in violation of the 14th Amendment.

It thus appears that relator's case has been previously presented, in various aspects, three times to the Supreme Court of Pennsylvania; (each of these times

on the contention of a violation of the due process clause of the Constitution), and that the Supreme Court of the United States has twice denied relator's petitions for writ of certiorari.

We find the present petition for a writ of habeas corpus to be wholly without merit. In substance the reason assigned for the writ is that the case was not well tried by relator's counsel in that he did not have relator testify on his own behalf, and did not produce reputation testimony. Whether he should have had relator take the witness stand and have produced reputation testimony was obviously, as every trial lawyer knows, a matter of judgment to be decided in the light of the circumstances as measured by various considerations of trial policy. Relator was represented by a highly reputable attorney of his own choosing, eminently qualified from the standpoint of ability, experience and industry. Had there been occasion for any just criticism of his conduct of the trial it would undoubtedly have been presented to this Court when, not only the trial lawyer himself, but two other able and leading members of the bar, argued the appeal on relator's behalf. It is to be noted that there is no suggestion in the petition that trial counsel was dishonest nor is the averment justified that he failed to devote all necessary time and attention in the preparation and trial of his client's case.

The petition alleges that some of the jurors have recently been interviewed and have stated that, if relator had taken the witness stand in his own defense or if his counsel had produced evidence of good reputation prior to his association with his co-defendants, they would have fixed the penalty at life imprisonment instead of death. The practice of interviewing jurors after a verdict and obtaining from them ex parte, unsworn statements in answer to undisclosed questions and representations by the interviewers is highly un-

ethical and improper and was long ago condemned by this Court in *Cluggage v. Swan,* 4 Binney 150, 158 (1811), reiterated and reaffirmed in *Friedman v. Ralph Bros., Inc.,* 314 Pa. 247, 249, 171 A. 900, 901, and again quoted from at length in *Redmond v. Pittsburgh Railways Company,* 329 Pa. 302, 303-304, 198 A. 71, 72. It is forbidden by public policy: *Commonwealth v. Greevy,* 271 Pa. 95, 99, 114 A. 511, 512. Certainly such post-trial statements by jurors are not to be given any weight on even an application for a new trial, much less a petition for a writ of habeas corpus.

We do not deem it necessary to comment upon the criticism made of Judge CALVIN S. BOYER beyond stating that there is nothing whatever to indicate that any statements or actions on his part were prejudicial to relator's having a fair and impartial trial.

In short, therefore, we find no ground for the issuance of a writ of habeas corpus in a case where a defendant was represented by able counsel at his trial and in subsequent proceedings by other able counsel, where the case has previously been under review in one form or another three times by the Supreme Court of Pennsylvania on the claim of violation of relator's right under the 14th Amendment and twice by the Supreme Court of the United States on petitions for certiorari, and where it is sought to obtain an amelioration of the sentence imposed upon him by the jury merely because present counsel is of opinion that the trial was not as ably conducted by trial counsel as present counsel believes it might or should have been.

The petition is denied.