Commonwealth ex rel. Howard, Appellant, *v.* Claudy.

Argued November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Gustav W. Wilde,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 19, 1954:

On September 21, 1951, relator filed a petition for writ of habeas corpus in which he alleged, among other things, that he was not present when the jury returned its verdict. After hearing, the court below, on December 21, 1951, dismissed the petition. On appeal, this court affirmed the court below except as to the finding that relator was present when the verdict was

returned. Since the minutes of the original trial in the Court of Oyer and Terminer of Allegheny County at No. 77 February Sessions, 1939, affirmatively showed relator was present during the trial but did *not* affirmatively show that he was present when the verdict was received, this court remitted the record for further hearing and determination: See *Commonwealth ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906 (1953), opinion by President Judge RHODES.

Pursuant to our mandate, a second hearing was held on April 2, 1953, following which the hearing judge again found that relator was present when the verdict was returned and dismissed the petition. This appeal followed.

The trial of which relator complains occurred on June 22, 1939—almost 14 years prior to the second hearing—and involved charges of felonious assault and battery and pointing firearms, and robbery. Realtor was found guilty and received consecutive sentences to the Western State Penitentiary, which total not less than 8½ years nor more than 17 years: Act of June 25, 1937, P. L. 2093, 19 PS 897.[1]

At the second hearing on the petition for writ of habeas corpus, the Commonwealth produced five trial jurors who could be located and explained the absence of the remaining seven. Of these, two had no recollection of the circumstances existing at the time of the verdict; however, the other three testified, without equivocation, that relator *was* present when the verdict was returned. Against this, relator offered only his own testimony that he was not present.

---

[1] At the time these crimes were committed relator was on parole. When recommitted, he began serving 6 years, 11 months and 27 days back parole time, which expired May 21, 1946. Act of June 22, 1931, P. L. 862, 61 PS 305.

4 

In a habeas corpus proceeding, the relator has the burden to prove facts which would entitle him to relief.

On this appeal, relator's position is that the Commonwealth did not affirmatively prove that he *was* present when the verdict was rendered and he is thus entitled to have the writ granted. However, the burden was on him to prove that he was *not* present and this he did not do.

Three jurors testified that he was present, and while we do not recommend the calling of jurors as witnesses for any purpose in post conviction proceedings, if it can be avoided,[2] we are satisfied that the hearing judge properly evaluated their testimony and reached a proper conclusion. As President Judge RHODES said on the prior appeal, at page 581: ". . . the credibility of all witnesses, *including the relator,* is for the hearing judge to determine. Com. ex rel. Uhler v. Burke, 172 Pa. Superior Ct. 108, 91 A. 2d 913; Com. ex rel. Carlini v. Burke, 172 Pa. Superior Ct. 116, 92 A. 2d 267. As said in Archer Estate, 363 Pa. 534, 536, 70 A. 2d 857, 859: 'There is nothing which compels the fact finding body, whether it be judge or jury, to accept as verity uncontradicted testimony. Credibility of witnesses is always for the finders of fact: Nanty-Glo Boro. v. Amer. Surety Co., 309 Pa. 236, 162 A. 523.' " (Emphasis supplied)

It must be remembered that almost fourteen years elapsed between trial and the second hearing in the habeas corpus proceeding. Assume that, other than relator, none of the persons who were competent to testify about the circumstances of relator's trial would have been available to testify at the second hearing, or, if available, would have had no recollection, would

---

[2] *Commonwealth ex rel. Darcy v. Claudy*, 367 Pa. 130, 133, 134, 79 A. 2d 785 (1951) and cases there cited.

this require that relator be believed and the relief prayed for be granted? Certainly not. If such were the case, then criminal judgments would be final only so long as death did not intervene or the passage of time did not erase the event from the memory of those present at the trial.

It is advisable to examine closely allegations made by prisoners with long terms to serve, and especially so where a long period of time has elapsed between the alleged event and the eventual allegation.

Equally important in habeas corpus proceedings is the presumption of regularity which a judgment of conviction carries with it: *Commonwealth ex rel. Kallor v. Ashe*, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769. Our courts have never said that this presumption is conclusive, but when one undertakes to overcome it, his evidence should be clear and convincing. Furthermore, the longer the judgment stands, the stronger the presumption becomes.

Of course, relief can be granted on a relator's testimony alone, whether contradicted or not, if the court believes the relator. Relief, however, should not be granted if the court believes that relator's evidence is not credible, or is not legally sufficient to overcome the presumption of regularity.

If the court does not believe relator's evidence, the writ should not be granted, and it is immaterial whether or not the Commonwealth produces any evidence to contradict his evidence. *Commonwealth ex rel. Bruce v. Burke*, 170 Pa. Superior Ct. 642, 643, 90 A. 2d 258 (1952); *Hawk v. Olson*, 326 U.S. 271, 279 (1945) 66 S. Ct. 116, 90 L. Ed. 61.

Relator's counsel states in his brief that the trial record *discloses* that the proceeding was irregular in that certain improper evidence was allowed, and argues therefrom that the presumption of regularity

6

was overcome. The proper remedy where there is error in the admission of evidence or other irregularity appearing of record is by appeal: See *Commonwealth ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593 (1950). It has been repeatedly held that a petition for writ of habeas corpus may not be substituted for an appeal.

The order of the court below is affirmed.