## Commonwealth ex rel. Bey v. Myers

*MacDonald Mercer Bey*, p.p.

No appearance for Commonwealth.

SLOANE, P. J., June 1, 1959.—Relator was found guilty by a jury on four bills of indictment charging sales of drugs (marihuana cigarettes) on four separate occasions. A motion for new trial was made but later withdrawn, and a sentence of one to five years was imposed on one of the bills. Sentence on the other bills was suspended.

Relator now petitions for a writ of habeas corpus. He avers: (1) He was held under excessive bail ($35,-000) for seven days before a hearing; (2) he was tried for several separate and distinct offenses at one time, so it must be concluded that evidence of one crime was used to support conviction on another; (3) perjured and hearsay testimony was presented as evidence; (4) proof of the amounts or quantities of the drugs and of the chemical analysis of them was insufficient to establish all the requisite elements of the crimes.

Relator's complaint of excessive bail and seven-day detention before hearing may not be raised by habeas corpus after indictment found. "We have repeatedly pointed out that questions of the sufficiency or regularity of proceedings prior to indictment cannot be raised by a petition for a writ of habeas corpus . . .''; Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271, 273. There is here, moreover, no question of a confession obtained during the period of detention and its use against relator at trial. See Commonwealth ex rel. Nagle v. Day, 181 Pa. Superior Ct. 605, 608-09. Relator denied the sales and it came to be a determination by the jury of the truth of his testimony as against that of the officers who testified to the purchases.

Relator may not complain by petition for habeas corpus about the consolidation of the indictments for trial. See Commonwealth ex rel. Howard v. Claudy, 172 Pa. Superior Ct. 574, 579. Consolidation of indictments charging separate and distinct offenses for trial is largely a matter within the discretion of the trial judge and if no prejudice is shown, defendant cannot complain: Commonwealth v. Yarmark, 185 Pa. Superior Ct. 276, 282. In any event, the trial court's action in this regard could be raised only on appeal from the conviction and not by a petition for habeas corpus. See Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 446.

The contentions that the testimony against him was false and that he should not have been convicted are "matters . . . obviously not the subject of consideration in a habeas corpus proceeding . . .": Commonwealth ex rel. Bishop v. Maroney, 382 Pa. 324, 325-26; Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566, 569. Relator does not aver recantation by Commonwealth witnesses or offer to present clear, extrinsic proof of perjury on their part; his petition amounts to a bald averment of falsity of their testimony, a matter which was passed upon by the jury at the trial of the case, and never made the subject of an appeal. As stated above, even the motion for new trial to the trial court was withdrawn.

The sufficiency of the evidence and any trial errors which could have been considered and corrected on appeal are not remediable or the subject of relief by habeas corpus. See Commonwealth ex rel. Fletcher v. Cavell, 395 Pa. 134, 140; Commonwealth ex rel. Wilson v. Banmiller, 393 Pa. 530, 532; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, 126-27; Commonwealth ex rel. Lancaster v. Johnston, 181 Pa. Superior Ct. 561, 563.

None of relator's contentions supplied any basis for granting his petition for a writ of habeas corpus, and accordingly the petition was dismissed.