**Polis v. Commonwealth**

*Joseph M. Stanichak*, for condemnee.

*J. M. Tighe*, for Commonwealth.

KLEIN, J., June 28, 1972.—On March 22, 1968, the Commonwealth of Pennsylvania, Department of Highways, condemned .43 acres of plaintiff's 3.11 acre parcel of real estate, rendering valueless the improvements erected thereon.

The board of view made an award of $25,336, consisting of $336 for "moving expense" and $25,000 for general damages. Both the Commonwealth and the property owner filed appeals from the viewers' award.

At the ensuing trial, the Commonwealth's expert witness testified that, in his opinion, the owner sustained damages in the amount of $18,850. The owner produced two expert witnesses who testified to damages of $40,000 and $38,000, respectively. The jury returned a verdict in the amount of $25,000.

The owner has belatedly, 26 days late, presented a motion for new trial. Her sole basis for same is an allegation that she has learned from a third party that a juror told said third party that the jury had taken into consideration the sales figure for the sale of the retail liquor license owned by the property owner. That sales price being $15,000, the implication is that the jury would otherwise have returned a verdict for $40,000. The sales figure for the sale of the liquor license was not in evidence in the case. The trial judge, in fact, disallowed any testimony concerning the operation of the retail restaurant liquor business during examination into comparable sales of commercial property.

Subsequently, the owner presented an additional motion to the court requesting that an order be made that a subpoena issue requiring the juror who allegedly made the statement to appear for an oral deposition concerning the matter.

Both motions must be denied.

A leading Pennsylvania case on the matter of jurors impeaching their own verdict is Friedman v. Ralph Brothers, Inc., 314 Pa. 247.

There, the Supreme Court of Pennsylvania said:

"What is more important, we cannot accept the statement of jurors as to what transpired in the jury room as to the propriety or impropriety of a juror's conduct: Com. v. Bergdoll, 55 Pa. Superior Ct. 186; Com. v. Wilson, 19 Northampton 114. To do so, would destroy the security of all verdicts and go far toward weakening the efficacy of trial by jury, so well grounded in our system of jurisprudence. Jurors cannot impeach their own verdict. Their deliberations are secret and their inviolability must be closely guarded. Only in clear cases of improper conduct by jurors, evidenced by competent testimony, should a verdict, which is fully supported by the evidence, be set aside and a new trial granted."

And, in the case of Welshire v. Bruaw, 331 Pa. 392, the court stated:

"From these cases the rule would seem to be that a juror cannot testify as to what occurred between him and the other jurors in the jury room tending to show misconduct on the part of the jurors or to impeach their verdict. But a juror may testify as to his own actions outside of the jury room, or as to the misconduct of one of the parties to the suit or of a third party, particularly if such misconduct amounted to a fraud upon the Court or the parties, or might tend to influence the verdict."

In the instant case, the owner seeks testimony from a juror concerning what occurred between her and the other jurors in the jury room. This cannot be permitted.

The necessity and desirability of the law on this subject was best expressed by the Supreme Court in a case which was tried in Beaver County:

" 'The verdict as uttered is the sole embodiment of the jury's act and must stand as such without regard to the motives or beliefs which have led up to its act. The policy which requires this is the same which forbids a consideration of the negotiations of parties to a contract leading up to the final terms as deliberately embodied in their deed, namely, the loss of all certainty in the verdict, the impracticability of seeking for definiteness in the preliminary views, the risk of misrepresentation after disclosure of the verdict, and the impossibility of expecting any end to trials if the grounds for the verdict were allowed to effect its overthrow.' 8 Wigmore, Evidence §2349. Rule (a) (McNaghten rev. 1961)": Commonwealth v. Zlatovich, 440 Pa. 388.

See also Wolfe v. Riggle, 407 Pa. 172, and Krywucki v. Trommer, 199 Pa. Superior Ct. 145.

Although the award of the board of viewers is not controlling on the issue of adequacy of damages, it may be considered. In this case, the jury's verdict and the viewers' award as to general damages was *identical*.

For all these reasons, we make the following

## ORDER

Now, June 28, 1972, the motion of Marie Polis, the owner-condemnee, to subpoena a juror for testimony concerning the jury's deliberations is denied, and the motion for a new trial is also denied.