## Commonwealth, ex rel., Wilson *v.* McKenty.

*Criminal law — Sentence — Larceny — Discharge of prisoner — Habeas corpus.*

Where a prisoner, never previously convicted of larceny has been sentenced to a term of six years imprisonment for larceny, and has served three years, he will be discharged on habeas corpus proceedings, inasmuch as the court has no power to impose a sentence of more than three years in such a case.

Petition for habeas corpus.

*W. S. Harris,* for petitioner.

Per Curiam, November 15, 1915:

The relator was convicted of larceny and sentenced on September 23, 1912, to imprisonment in the penitentiary for a term of not less than seventy-one months nor more than seventy-two months. In the absence of averment in the indictment that he had previously been convicted of a similar offense the maximum term of imprisonment that the court had power to impose was three years. The principles leading to this conclusion are fully set forth in Halderman's Case, 53 Pa. Superior Ct. 554, and they have been applied to cases similar to this in all essential features by the Supreme Court in Commonwealth, ex rel., Stanton v. Francies and by the Superior Court in Commonwealth, ex rel., Hess v. Francies. As the relator has suffered the full term of imprisonment to which he could have been lawfully sentenced under the indictment, he is entitled to be discharged. The relator is discharged.