# Commonwealth ex rel. Hallett v. McKenty.

*Habeas corpus—Criminal law—Sentence—Previous convictions not shown in indictment—Illegal sentence—Prisoner remanded for resentence—Act of May 10, 1909, P. L. 495.*

Where a prisoner pleads guilty to indictments charging him with sending threatening letters, with the intent to extort money, the term of imprisonment imposed cannot be determined with reference to previous convictions which were not set forth in the indictment. Section 6, of the Act of May 10, 1909, P. L. 495, imposing more severe penalties in cases where the defendant has suffered previous convictions is applicable only where such convictions are set forth in the indictment. Where a person has been sentenced to a longer term of imprisonment than can legally be imposed he will, upon habeas corpus, be remanded for resentence in accordance with law unless he has already served the maximum term which could lawfully have been imposed.

Petition for writ of habeas corpus.


OPINION BY KELLER, J., December 14, 1922:

The relator, William Hallett, on February 3, 1910, pleaded guilty in the Court of Quarter Sessions of Tioga County to six indictments (Nos. 5, 6, 7, 8, 9 and 10, January Sessions, 1910) charging him with the crime of sending threatening letters with the intent to extort money (Act of March 31, 1860, P. L. 382, section 23, p. 390). He was sentenced to pay a fine of $500 and undergo an imprisonment by separate or solitary confinement at hard labor in the Eastern Penitentiary for the period of not less than seven years and six months and not more than thirty years. The bills of indictment had not been presented to the grand jury.

He alleges that he is unlawfully confined (1) because the Act of April 15, 1907, P. L. 62,—which provides that a defendant may plead guilty before a bill of indictment has been sent to a grand jury,—is unconstitutional; (2) because, in sentencing him, the court illegally applied the provisions of section 6 of the Act of May 10,

1909, P. L. 495, directing a maximum sentence of imprisonment of thirty years where the prisoner shall have been twice before convicted, sentenced and imprisoned in a penitentiary for a term of not less than one year for any crime committed in this State or elsewhere within the limits of the United States, since such previous convictions, etc., were not averred in the indictments.

(1) The first ground advanced is without merit. The Act of April 15, 1907, supra, is constitutional: Com. ex rel. Wheeler v. Francies, 58 Pa. Superior Ct. 266; Com. ex rel. Stanton v. Francies, 250 Pa. 496.

(2) The second ground must be sustained. The record in this case shows that the indictments did not aver previous convictions, etc., but at the time sentence was imposed the Commonwealth presented the records of two previous convictions of the defendant for burglary, and penitentiary sentences of more than one year under each of them. The court said, in this connection, "It is our duty to regard these convictions in imposing sentence at this time." Since the sentence was imposed it has been decided that the provisions of section 6 of the Act of May 10, 1909, supra, do not apply unless the previous convictions, etc., are averred in the indictment: Halderman's Case, 53 Pa. Superior Ct. 554; Com. v. Payne, 242 Pa. 394. Where the act has been improperly applied the prisoner will be remanded for resentence: Halderman's Case, supra; Com. ex rel. Snyder v. Francies, 58 Pa. Superior Ct. 273; unless he has already served the maximum sentence which could lawfully have been imposed: Com. ex rel. Wilson v. McKenty, 61 Pa. Superior Ct. 446.

In the present case a lumping sentence was imposed on all six indictments. This was improper. The defendant should have been sentenced separately on each indictment, and the court should have stated whether the sentences were to run concurrently or successively. The maximum sentence which could have been imposed upon the relator was three years on each indictment, or

eighteen years in all, if the sentences were to run successively. It follows that a maximum sentence of thirty years was illegal and cannot be sustained. It is to be presumed that in resentencing the relator the court will give due consideration to the punishment already suffered by him: Com. ex rel. Snyder v. Francies, supra, p. 277.

And now, to wit, December 14, 1922, it is ordered and adjudged that the relator be remanded for resentence and that the record be remitted to the court below to the end that appropriate process may be issued to bring him into that court for such resentence in accordance with law.