## Commonwealth ex rel. Crimmins v. Smith, Warden.

256

Argued March 15, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Herbert L. Maris,* with him *Shalon Ralph,* for relator.

*Thomas I. Guerin,* Special Deputy Attorney General,
with him *Charles J. Margiotti,* Attorney General, for
respondent.

OPINION BY BALDRIGE, J., July 18, 1935:

In this habeas corpus proceeding, George Crimmins,
the relator, on January 7, 1926, pleaded guilty in York
County of committing a felony and was sentenced to
the penitentiary for not less than four nor more than
eight years. He was released on parole, January 7,
1930; on April 21, 1931, he was returned for a viola-
tion of parole rules; reparoled June 24, 1931; again
returned for a violation of rules on January 27, 1932;
reparoled on July 23, 1933; and finally returned De-
cember 7, 1934, for a violation of parole rules, and is
now in the penitentiary.

The relator contends that he is entitled to a credit
for the time he was out on parole; that as his maximum
term for which he was sentenced expired on January
1, 1934, he should be discharged. The penitentiary au-
thorities take issue with this position, claiming that he
is not to be credited with the time spent on parole, so
that his term does not expire until April 8, 1937.

We have for consideration, therefore, the penalty that may follow the violation of the rules of the Parole Board. Section 10 of the Act of June 19, 1911, P. L. 1055, finally amended by the Act of June 22, 1931, P. L. 862, §1 (61 PS §305), provides that if any convict released on parole shall be convicted of any crime he shall serve in the penitentiary to which he was originally committed "the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole." The construction of this section was considered in the case of Meinzer, who committed a crime while on parole, in which we have filed an opinion this day.

Section 14 of the Act of 1911, supra, deals with violation of parole rules, and in part reads as follows: ". . . . . . and upon being so returned for said breach of parole, said convict shall be imprisoned in said penitentiary for a period equal to the unexpired maximum term of such prisoner as originally sentenced, unless sooner released on parole or pardoned." This portion of the section was amended by the Act of June 3, 1915, P. L. 788, which provides that a violator of parole rules is "to be imprisoned in said penitentiary for the remainder of a period equal to the unexpired maximum term of such prisoner, as originally sentenced, computing the same from the date of arrest for breach of parole, unless sooner released on parole or pardoned; but if the Governor shall disapprove the finding of the Board of Inspectors [now trustees under the Act of May 1, 1929, P. L. 1182], the said prisoner shall be released upon the conditions of his original parole."

There is a marked, and we think a very significant, difference between this language and that used in section 10 which was applicable in the Meinzer case. In section 10 we find the emphatic expression that the

violator shall serve the "remainder of the term (without commutation)," etc. The Legislature of 1915 undoubtedly had a very definite purpose in mind in amending section 14, and used language that clearly imports a different meaning from section 10. On March 15, 1911, Attorney General Bell gave an opinion to the Secretary of the Board of Inspectors of the Eastern Penitentiary, reported in 20 Pa. D. R. 471, in which he construed section 14 of the Parole Act of May 10, 1909, P. L. 495, which contained the same language as the Act of 1911. He held that "the 'unexpired maximum term' refers to the term of sentence and does not refer to the time passed on parole." In view of that opinion, we think the purpose of passing the amending Act of 1915, with its added provision that the unexpired maximum term shall be computed from the "date of arrest for breach of parole," is apparent. It seems to be quite evident that the Legislature felt that the inflicting of a penalty, compelling a violator of rules to serve his unexpired maximum term from the date he was originally paroled, was too harsh and stringent; that a parolee who has violated a rule ought to be considered in a different category from one who has committed another criminal offense. Otherwise, an amendment to section 14 would have been unnecessary. Furthermore, if a violator of rules is subject to serve the remainder of the unexpired term at the time of his release, the same language as in section 10 probably would have been used.

We think the reasonable construction of the section under consideration is that the intent of the Legislature was that a parole violator of any one of the rules, which forbade a parolee, without permission, to marry, change his residence or employment, leave the county or state, operate, own, or lease an automobile, be out by himself after 10:00 p. m., requiring him to report his earnings, etc., was not to be punished for his de-

linquency as severely as if he had committed a crime and possibly be compelled to serve years in a penal institution for a trivial offense.

The relator is ordered to be discharged.