## Commonwealth ex rel. Zambelli *v.* Smith, Warden.

PER CURIAM, September 29, 1943:

Petition for writ of habeas corpus.

Petitioner was convicted in Lehigh County on four counts of indictment to No. 20 April Sessions, 1936, and was sentenced on June 1, 1936 to imprisonment in

the Eastern State Penitentiary for not less than seven and one-half years nor more than fifteen years.

He was also convicted on four counts of indictment to No. 21 April Sessions 1936, and was sentenced the same day to imprisonment in the Eastern State Penitentiary for not less than six months nor more than one year, to take effect at the expiration of the sentence on No. 20.

The indictment to No. 20 contained twelve counts. Had a general verdict of guilty been rendered, the sentence imposed would have been within the law, for the second count charged robbery while armed with an offensive weapon, within section 100 of the Penal Code of 1860, P. L. 382, as amended by Act of April 18, 1919, P. L. 61, which authorized a maximum imprisonment in the penitentiary for twenty years. See *Com. ex rel. Otten v. Smith,* 126 Pa. Superior Ct. 238, 240, 190 A. 525. But the verdict was not a general one. Defendant was found guilty on counts one, five, six and seven, which charged offenses punishable respectively under: (1) the Act of April 22, 1863, P. L. 531, as amended by Act of March 13, 1901, P. L. 49, (entering by day with intent to commit a felony); (5) section 102 of the Penal Code of 1860 (robbery); (6) section 103 of said Penal Code (larceny); (7) Act of April 23, 1909, P. L. 159 (receiving stolen goods). The severest penalty that could be imposed under any of said counts was under count one, entering by day with intent to commit a felony, the maximum imprisonment for which was ten years in the penitentiary. A lumping sentence embracing all four counts could not be imposed: *Com. ex rel. Hallett v. McKenty,* 80 Pa. Superior Ct. 249, 250; *Com. ex rel. Rogers v. Ashe, Warden,* 133 Pa. Superior Ct. 364, 3 A. 2d 45; *Halderman's Petition,* 276 Pa. 1, 119 A. 735. The sentence on No. 20, accordingly, will be reduced to imprisonment in the penitentiary for not less than five years nor more than ten years, to be

computed from June 1, 1936. The Act of May 28, 1937, P. L. 1036, had not been enacted when sentence was imposed.

The charge contained in all the counts of the indictment to No. 21 was wantonly pointing a revolver (Act of May 8, 1876, P. L. 146). The maximum imprisonment provided in that act is one year's simple imprisonment. Hence defendant could not be sentenced to the penitentiary on that indictment. The sentence should have been for a *definite term,* not exceeding one year, in the Lehigh County jail. The fact that relator, while serving his sentence under No. 20, was transferred from the penitentiary to the Lehigh County jail, pursuant to the Act of July 11, 1923, P. L. 1044, is of no moment. He is still regarded as a penitentiary prisoner and under the control of the penitentiary authorities as respects parole, etc., until discharged under No. 20. See *Com. v. Harradine,* 148 Pa. Superior Ct. 451, 25 A. 2d 576. He will be remanded to the court below for re-sentence on indictment No. 21.