## Commonwealth ex rel. Brown, Appellant *v.* Pennsylvania Board of Parole.

Argued May 22, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*William H. Saye,* with him *James Brown,* appellant, in propria persona.

*Robert M. Mountenay,* Assistant Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellees.

OPINION BY MR. JUSTICE JONES, June 27, 1951:

This is an appeal from the refusal by the Court of Common Pleas of Dauphin County of the relator's petition for alternative writ of mandamus to compel the Pennsylvania Parole Board and the Superintendent of the Western State Penitentiary to release him from custody because of the alleged expiration of his terms of imprisonment.

The petitioner was sentenced by the Court of Quarter Sessions of Allegheny County on December 2, 1937, to serve in the Western State Penitentiary terms of not less than two nor more than four years on each of five successive bills of indictment, the sentences to run consecutively. Service of the first sentence was made to run from October 27, 1937.

The Act of June 25, 1937, P.L. 2093, Sec. 1, 19 PS § 897, which became effective upon final enactment, provides that "Whenever . . . two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences." Accordingly, the terms of the petitioner's sentences were aggregated and entered on the prison records as a sentence for a term of not less than ten nor more than twenty years, with the minimum expiring October 27, 1947, and the maximum, October 27, 1957.

On July 23, 1945, the Governor commuted the petitioner's minimum sentence of ten years to a minimum of seven years and ten months which expired on August 27, 1945; and on September 4th following, the petitioner was released on parole. On June 17, 1948, the petitioner was returned to prison by the Parole Board, as a violator of the regulations and conditions of his parole, to serve "the remainder of a period equal to the unexpired maximum term of such prisoner, as originally sentenced . . .": Act of May 1, 1929, P.L. 1182, 61 PS § 310. Inasmuch as his parole violation was of a technical nature rather than by the commission of a crime, he was given credit for the time spent on parole prior to his arrest and recommitment as a violater. See *Commonwealth ex rel. Crimmins v. Smith,* 118 Pa. Superior Ct. 255, 180 A. 181; cf. *Commonwealth ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179. Thus, the expiration date of the petitioner's maximum unserved term continues to be October 27, 1957, as originally calculated.

It is the petitioner's contention that when he was recommitted by the Parole Board as a nonconvicted

parole violator on June 17, 1948, the period of his third successive sentence was then current. From this, he argues that his case is ruled by the Act of May 1, 1929, supra, and that "the remainder of a period equal to [his] unexpired maximum term . . . as originally sentenced . . ." relates only to the unexpired portion of the maximum sentence which he would then be serving (viz., four years) on the third bill of indictment and not to the combined sentence of twenty years. The error in the petitioner's contention lies in the fact that his situation is governed by the Act of 1937, supra, whereby his successive sentences were aggregated, and Section 17 of the Act of August 6, 1941, P.L. 861, as amended, 61 PS § 331.17, which authorizes the Board of Parole to parole and re-parole and to commit and recommit for parole violation. Under these Acts the petitioner's maximum sentence for the service whereof he has been recommitted will not expire until October 27, 1957. Any release from further servitude on account of the unexpired maximum of his sentences lies with the Board of Parole.

Order refusing writ affirmed.