## Commonwealth ex rel. Tiscio, Appellant, *v.* Burke.

Submitted March 20, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Harold Caplan* and *Nicholas Tiscio,* appellant, in propria persona.

*M. Jack Morgan,* District Attorney, and *Bernard B. Naef,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., July 14, 1953:

Relator was convicted on three bills of indictment charging burglary and on one bill charging larceny and receiving stolen goods at Nos. 25, 26, 27, and 28, September Sessions, 1938, in the Court of Oyer and Terminer and the Court of Quarter Sessions of Lehigh County. On January 23, 1939, he was sentenced on each conviction to the Eastern State Penitentiary for a term of not less than two and one-half years nor more than five years. It was directed that the sentences be served consecutively. By reason of the allowance of credit for time spent in Lehigh County

Prison awaiting trial, the sentence to be served on bill No. 25 was computed to run from November 23, 1938. There was a separate commitment for each sentence.

Relator was paroled on May 18, 1948, after having served approximately nine and one-half years. On July 8, 1952, he was recommitted to the Eastern State Penitentiary by reason of his conviction of a crime committed while on parole, to wit, operating a motor vehicle after his license had been suspended. He was denied credit against the balance of his maximum sentences for the time spent on parole.

On October 25, 1952, he filed his petition for a writ of habeas corpus in the Court of Common Pleas of Lehigh County. In such petition he contended that the sentence imposed at No. 28, September Term, 1938, was excessive in that the maximum sentence permitted for larceny under the Act of March 31, 1860, P. L. 382, was three years. He further contended that the total of his maximum sentences expired on May 23, 1951, and that consequently he was not on parole at the time of the commission and his conviction of the subsequent offense.

After a hearing, at which relator was represented by counsel, the Court of Common Pleas filed an opinion and entered an order allowing the writ of habeas corpus for the sole purpose of correcting the sentence on bill No. 28; and it was directed that relator be brought before the court for resentence on said bill, and that he be returned to the Eastern State Penitentiary thereafter. Upon his being brought before the court, he questioned the power of the court to correct said sentence because the term in which the sentence was imposed had expired. The court below thereupon refrained from making the correction, and relator appealed.

In concluding the expiration date of the sentence imposed on bill No. 28 to be May 23, 1951, relator apparently employed a method of calculation not in conformity with the Act of June 25, 1937, P. L. 2093, No. 420, §1, 19 PS §897. The Act provided: "Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences."

The purpose of the Act of 1937 was to furnish legislative authority for computing together, for purposes of parole, all consecutive sentences of imprisonment imposed at the same time by one court. Accordingly relator's sentences were aggregated and entered on the penitentiary record as a minimum of ten years and a maximum of twenty years. But, as said in *Com. ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 32, 20 A. 2d 881, 885: "It is the duty of the prison or penitentiary authorities to enter the sentences on their records just as they are imposed; but for parole and similar purposes, they can compute the aggregate of the sentences so imposed and also enter on their records the total of the minimum and maximum terms of the consecutive sentences so imposed."

Application of the Act of 1937 to the sentences imposed upon relator establishes, for purposes of parole, the expiration date of relator's minimum term as being November 23, 1948, and the expiration date of his maximum term as being November 23, 1958. Consequently, at the time of the commission of his subsequent crime, which was apparently on or about February 28, 1952, and at the time of his conviction therefor relator

was on parole and subject to the statutory provisions as to service of the unexpired maximum of his sentences. See Act of August 6, 1941, P. L. 861, as amended by adding thereto section 21.1 by the Act of August 24, 1951, P. L. 1401, §5, 61 PS §331.21 (a); *Com. ex rel. Brown v. Pennsylvania Board of Parole,* 368 Pa. 244, 82 A. 2d 43; *Com. ex rel. Lycett v. Ashe,* supra, 145 Pa. Superior Ct. 26, 20 A. 2d 881. It is also true that relator was on parole when he committed a crime punishable by imprisonment and for which he was convicted, irrespective of the validity of the sentence imposed on bill No. 28.

It is conceded that the sentence imposed at No. 28, September Sessions, 1938, was excessive, and that the maximum sentence allowable for the offense charged therein was three years at the time of the commission thereof. But this does not render the sentence void. In *Com. ex rel. v. Smith,* 324 Pa. 73, 74, 187 A. 387, the Supreme Court stated: "It is well established that sentence to imprisonment for a greater period than warranted by law is an illegal sentence, to correct which the prisoner is entitled to a writ of habeas corpus: Com. v. Ketner, 92 Pa. 372; Com. v. Morgan, 278 Pa. 395 [123 A. 337]; Com. v. Curry, 285 Pa. 289 [132 A. 370]; Halderman's Case, 53 Pa. Superior Ct. 554; Com. v. McKenty, 80 Pa. Superior Ct. 249. In such case, however, the petitioner will not be discharged, but remanded to the court below for proper sentence: Halderman's Petition, 276 Pa. 1 [119 A. 735]; Com. v. Curry, supra."

Where a sentence is illegal because greater than the maximum allowed by statute, this Court may remand the prisoner to the proper court for sentence according to law, or we may reduce the sentence to the permissible maximum. Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192; *Com. v. Bingle,* 62 Pa. Superior Ct.

105; *Com. ex rel. Rogers v. Ashe,* 133 Pa. Superior Ct. 364, 3 A. 2d 45; *Com. ex rel. Zambelli v. Smith,* 153 Pa. Superior Ct. 411, 33 A. 2d 925; *Com. v. Downer,* 161 Pa. Superior Ct. 339, 345, 53 A. 2d 897. After remand for such purpose, the new sentence imposed is not such a sentence as the lower court would have no power to impose after the term. *Com. ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256, 82 A. 2d 337.

It is ordered and adjudged that the relator be remanded to the Court of Quarter Sessions of Lehigh County for resentence on bill No. 28, September Sessions, 1938, and that appropriate process may issue to bring him into that tribunal for resentence in proper form and according to law. In other respects the appeal is dismissed.