Commonwealth ex rel. Baerchus, Appellant, *v.* Day.

Submitted March 7, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Anthony Baerchus,* appellant, in propria persona.

*Carlon M. O'Malley,* District Attorney, and *Ralph P. Needle,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, July 21, 1955:

Relator was sentenced by the Court of Oyer and Terminer of Lackawanna County on December 8, 1947, to three consecutive terms of not less than five years nor more than ten years in the Eastern State Penitentiary on three bills of indictment charging burglary.

This petition for writ of habeas corpus is not the first that relator has presented. It is repetitious of matters which have previously been adjudicated. See *Com. ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 94 A. 2d 87, certiorari denied 345 U. S. 966, 73 S. Ct. 953, 97 L. Ed. 1385.

His present contention is that the Pennsylvania Board of Parole erred in entering his sentences as constituting a minimum of fifteen years and a maximum of thirty years.

The Court of Common Pleas of Lackawanna County held that this was in conformity with the Act of June 25, 1937, P. L. 2093, No. 420, §1, 19 PS §897, which provides: "Whenever, . . . two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences."

In *Com. ex rel. Tiscio v. Burke*, 173 Pa. Superior Ct. 350, 353, 98 A. 2d 760, 761, we said: "The purpose of the Act of 1937 was to furnish legislative authority for computing together, for purposes of parole, all consecutive sentences of imprisonment imposed at the same time by one court. Accordingly relator's sentences were aggregated and entered on the penitentiary record as a minimum of ten years and a maximum of twenty years. But, as said in Com. ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26, 32, 20 A. 2d 881, 885: 'It is the duty of the prison or penitentiary authorities to enter the sentences on their records just as they are imposed; but for parole and similar purposes, they can compute the aggregate of the sentences so imposed and also enter on their records the total of the minimum and maximum terms of the consecutive sentences so imposed.' " See, also, *Com. ex rel. Hill v. Burke*, 165 Pa. Superior Ct. 583, 587, 69 A. 2d 169.

Any relief from the service of the unexpired maximum of relator's sentences must come from the Board of Parole. *Com. ex rel. Brown v. Pennsylvania Board of Parole*, 368 Pa. 244, 82 A. 2d 43.

The order of the court below dismissing relator's petition is affirmed.