## Commonwealth ex rel. Baerchus, Appellant, *v.* Myers.

Submitted October 10, 1957.   Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WAT-
KINS, JJ.

*Anthony Baerchus*, appellant, in propria persona.

*Ralph P. Needle*, Assistant District Attorney, and
*Carlon M. O'Malley*, District Attorney, for appellee.

OPINION PER CURIAM, November 12, 1957:

Relator has filed numerous petitions for writ of ha-
beas corpus, and this is the third time that an appeal
has been taken to this Court from the dismissal of his
petitions.   He filed a petition for writ of habeas corpus
on January 27, 1950, in the Court of Common Pleas of
Montgomery County.   After hearing, the writ was re-
fused and no appeal was taken from the dismissal of
his petition.   On May 1, 1951, he filed a second peti-
tion for writ of habeas corpus.   From the dismissal of
this petition he appealed to the Superior Court.   In an
extensive opinion we reviewed the record and affirmed
the order of the court below.   *Com. ex rel. Baerchus
v. Burke*, 172 Pa. Superior Ct. 400, 94 A. 2d 87 (al-

locatur refused 172 Pa. Superior Ct. xxiv, certiorari denied by the Supreme Court of the United States, 345 U. S. 966, 73 S. Ct. 953, 97 L. Ed. 1385). Relator again appealed to this Court from an order of the Court of Common Pleas of Lackawanna County dismissing his petition for writ of habeas corpus, which order we affirmed in *Com. ex rel. Baerchus v. Day,* 178 Pa. Superior Ct. 455, 115 A. 2d 894 (allocatur refused, 178 Pa. Superior Ct. xxix, certiorari denied by the Supreme Court of the United States).

The relator's petition, which is now before us, was filed in the Court of Common Pleas of Lackawanna County on February 4, 1957. The petition was dismissed without a hearing. It contains the same averments set forth in his previous petitions.

However, relator now claims that, in addition to the previous averments, consideration should be given to his allegations that he was improperly cross-examined by the district attorney at his trial, that during the conduct of his trial he received prejudicial newspaper publicity, and that these grounds were not considered by the court in his previous applications for release.

If there was any merit in these allegations they constituted matters which should have been raised in the court below and then on appeal. Relator recognized in his petition that he was represented by counsel at his trial, and that no appeal was taken from the sentences imposed. Relator has had ample opportunity in his previous petitions to present any material allegations. Relator by his several petitions attempts to secure a review of adjudicated matters or the consideration of alleged trial errors. We have repeatedly said that alleged trial errors are not reasons for relief in a habeas corpus proceeding. *Com. ex rel. Lancaster v. Johnston,* 181 Pa. Superior Ct. 561, 124 A. 2d 132. Relator's present petition was properly dismissed with-

out a hearing as his alleged new averments did not constitute prima facie a denial of due process. See *Com. ex rel. Melensky v. Maroney,* 178 Pa. Superior Ct. 364, 368, 115 A. 2d 924.

The order of the court below is affirmed.