## Commonwealth ex rel. Moul v. Maroney

*Clark E. Moul,* in propria persona, for relator.

*Frank B. Boyle,* District Attorney, for Commonwealth.

ATKINS, P. J., November 23, 1960.—On or about November 4, 1960, petitioner forwarded a petition to the prothonotary of this court praying for the issuance of a writ of habeas corpus. On November 9, 1960, he forwarded a supplemental paper to the clerk of courts of this county, although the paper is captioned in the court of common pleas. This second paper purports to be an amendment of the questions set forth in the original petition. There seems to be little material change between the original and the amendment and, basically, in both papers the complaint is directed to the fact that at the time Mr. Moul was tried on indictment no. 196, January sessions, 1959, on a forgery charge, the district attorney did not provide for him a hand-writing expert to testify in his defense. This the petitioner contends constituted a denial of due process and that, therefore, his conviction was improper and the subsequent incarceration also improper.

The petitioner previously filed a petition for a writ of habeas corpus in this court to no. 108, January term, 1960, in which proceeding a rule was granted on November 20, 1959, on the district attorney and on the Warden of the State Correctional Institution at Graterford, where the petitioner was then confined, returnable December 2, 1959. On the return day of the rule a hearing was had at which the petitioner was present and was represented by counsel. The petitioner presented testimony in support of his allegations after which the matter was argued by the district attorney and the petitioner's counsel. The petition was

refused by the court on its merits and the petitioner remanded to the institution.

On January 12, 1960, a hearing was held in a case docketed to no. 43 April term, 1960, in this court, which was a proceeding by this petitioner for a mandamus, to compel the district attorney to procure for him a handwriting expert. This petition was refused.

Then, on January 14, 1960, and again on February 17, 1960, the petitioner presented petitions for rehearing in the original proceeding to no. 108, January term, 1960, both of which were refused.

Later, on May 9, 1960, a rule was granted in a proceeding initiated by this petitioner to no. 103 August term, 1960, in this court, for a writ of habeas corpus in this case, alleging a deficiency in the criminal proceeding because of an alleged variance between the information and the bill of indictment. On June 1, 1960, after argument by the district attorney and the petitioner's counsel, this rule was discharged and the petition dismissed.

The present petition reverts to the matters raised in the original proceeding no. 108, January term, 1960. An examination of the rather lengthy petition fails to disclose any matters of substance that were not before the court in the original proceeding and, as previously indicated, the matters raised therein were adjudicated adversely to the petitioner. No appeal was taken either from the order discharging the rule and refusing the petition or from the subsequent orders refusing rehearings in that case.

The questions raised in this petition, as well as those raised in the previous one, can be disposed of by the following statement of the Superior Court, in Commonwealth ex rel. Baerchus v. Myers, 184 Pa. Superior Ct. 461, 463, as follows:

"If there was any merit in these allegations they

constituted matters which should have been raised in the court below and then on appeal."

In that case the court noted that the petitioner there had filed numerous petitions previously and that the petition then before the court raised virtually no matters that had not been before the court in the prior proceedings. The Superior Court sustained the action of the court of common pleas when it dismissed the petition without hearing.

In addition to the foregoing observations, the record in the criminal proceeding shows that the petitioner was convicted by the jury on August 25, 1959. At that time the petitioner, through his counsel, asked the court to defer the imposition of sentence until September 28, 1959, for the reason that the petitioner wished the probation officer of the court to make certain investigations for him. At the time the request was made, the court was not informed as to the nature of the investigations, but in order to give to the petitioner the benefit of any doubts the request was granted. During that interim period the probation officer had several conferences with the petitioner at the York County jail, but at the time the petitioner appeared for sentencing there was nothing disclosed to the court that would in any way affect the validity of the proceedings nor was there any indication that the petitioner at that time had any additional facts which would affect the validity of the action of the jury.

It is apparent from the recital of the history of the prior proceedings instituted by this petitioner, and particularly the one to no. 108 January term, 1960, that the petitioner has had his day in court, at least so far as the matters raised herein are concerned, and that he cannot now raise the same matters.

Accordingly, we enter this order.

And now, to wit, November 23, 1960, it is ordered, adjudged and decreed that the petition for writ of

habeas corpus, filed herein, together with the amended petition, be and are hereby refused.

An exception is granted to the petitioner.