## Commonwealth ex rel. Baerchus, Appellant, *v.* Myers.

Submitted March 6, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Anthony Baerchus,* appellant, in propria persona.

*Ralph P. Needle,* Assistant District Attorney, and *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 22, 1961:

Anthony Baerchus has appealed from an order of the Court of Common Pleas of Lackawanna County dismissing his petition for a writ of habeas corpus. This matter has been before us on three prior occasions. See *Commonwealth ex rel. Baerchus v. Burke,* 172 Pa. Superior Ct. 400, 94 A. 2d 87; *Commonwealth ex rel. Baerchus v. Day,* 178 Pa. Superior Ct. 455, 115 A. 2d 894; *Commonwealth ex rel. Baerchus v. Myers,* 184 Pa. Superior Ct. 461, 135 A. 2d 779.

On December 8, 1947, appellant was sentenced in Lackawanna County to serve three consecutive terms of five to ten years in the Eastern State Penitentiary on charges of burglary. On the first appeal we rejected a contention that appellant's confession of guilt had been obtained by coercion. On the second appeal we rejected a contention that appellant's sentences had been improperly aggregated and entered as a minimum of fifteen years and a maximum of thirty years. See the Act of June 25, 1937, P. L. 2093, 19 P.S. 897. On the third appeal we rejected a contention that appellant had been improperly cross-examined at his trial, and that he had received prejudicial newspaper publicity.

In the instant petition appellant again contends that his confession was coerced. He also contends that the trial judge was prejudiced, that sentences were imposed

in chambers by "a kangaroo court",[1] that one of the jurors was a personal friend of the warden of the county jail, and that the conviction was obtained as the result of perjured testimony and on evidence that was generally insufficient. The record discloses that appellant was represented by counsel at his trial, that his several contentions were not raised by post-conviction motions, and that no appeals were taken from the sentences imposed.

We recently reiterated in *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa. Superior Ct. 531, 165 A. 2d 400, that relief from alleged trial errors may not be obtained by habeas corpus. The writ is not a substitute for a new trial motion or an appeal. Furthermore, repetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters: *Commonwealth ex rel. Hendrickson v. Hendrick*, 193 Pa. Superior Ct. 559, 165 A. 2d 261. It is readily apparent that appellant has been afforded ample opportunity to demonstrate a denial of due process, and that he has failed to do so. We are in entire accord with the action of Judge NEALON in dismissing the instant petition.

Order affirmed.

---

[1] The trial and sentencing judge was the Honorable MICHAEL J. EAGEN, now a Justice of our Supreme Court.