## Commonwealth ex rel. Firmstone v. Russell

*Nathaniel Firmstone*, p.p., relator.

GREEVY, J., May 9, 1961.—This is the fifth time the relator has made application for writ of habeas corpus. In addition, we have denied his three applications for writs of coram nobis. While the petition could be dismissed summarily because it is repetitious, we will consider very briefly the two questions raised.

■ Was relator denied due process of law to a fair and full hearing and judicious determination of essential facts and compelling circumstances under the fourteenth amendment to the Constitution of the United States before the sentence of life imprisonment was imposed upon him as a fourth offender under The Pennsylvania Habitual Criminal Act (The Penal Code of June 24, 1939, P. L. 872, sec. 1108, 18 PS §5108)?

Relator argues that the trial court should have conducted some type of hearing before passing sentence. This precise question has been considered and answered on prior applications.

The imposition of life imprisonment sentence on a convicted fourth offender is the sole prerogative of the court trying the case and is not reviewable on habeas corpus.

"The sentence of life imprisonment imposed upon relator was within the provisions of the Act and in accordance with the law. There is nothing of record

which would entitle relator to a change of his sentence. Therefore the exercise of discretion by the sentencing judge is not reviewable on habeas corpus any more than matters of fact passed upon by a jury may be re-examined by that method": Commonwealth ex rel. Gryger v. Burke, 173 Pa. Superior Ct. 458, 470.

The court, in sentencing the relator, exercised the discretion permitted it under subsection (*b*) of the Habitual Criminal Act, supra, and in exercising that discretion the sentencing judge acted upon all the facts and circumstances it felt it needed to know in imposing sentence.

Relator's first contention is wholly devoid of merit.

We proceed to the second point.

■ Was relator denied due process of law under the fourteenth amendment to the Constitution of the United States where relator was not at any time formally accused or charged with being a fourth offender in any proceedings brought against him, and where no one accused relator of being a fourth offender, only himself?

Relator alleges that he was denied due process of law because the waiver he signed holds "no validity". This question was fully considered and answered against the relator in a prior case, Commonwealth ex rel. Firmstone v. Burke, 175 Pa. Superior Ct. 128, allocatur refused by the Supreme Court of Pennsylvania, 175 Pa. Superior XXV, certiorari denied by the Supreme Court of the United States, 348 U. S. 844, 75 S. Ct. 66, where, on page 135, the court stated:

"It has been stated that a defendant may waive the statutory requirements of a separate proceeding charging him as a second or subsequent offender even though such proceeding is criminal in nature. . . .

"The waiver in the present case was understandingly made by the relator with full knowledge of his

rights. In fact it was made at his insistence. He had the benefit of counsel at the time. We find no justification for his present complaint."

". . . repetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters": Commonwealth ex rel. Baerchus v. Myers, 194 Pa. Superior Ct. 377, 379.

A hearing is not necessary and the application is denied.

"Where it is apparent that no issue of fact is raised, the matter may be determined on questions of law": Commonwealth ex rel. Hunter v. Banmiller, 194 Pa. Superior Ct. 448, 452.

Therefore, we make the following

### Order

And now, May 9, 1961, the prayer of the petition is denied and the same is herewith dismissed.