386 A.2d 133

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth Brian SWAB, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 28, 1978.

58

Gerald C. Grimaud, Tunkhannock, for appellant.

James E. Davis, District Attorney, Tunkhannock, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an Opinion in Support of Affirmance.

JACOBS, President Judge, and HOFFMAN and SPAETH, JJ., dissent and would vacate and remand for sentencing under *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1977).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

### OPINION IN SUPPORT OF AFFIRMANCE

VAN der VOORT, Judge:

Appellant Kenneth B. Swab was indicted on September 4, 1975, at No. 27 of 1975 for burglary, and at No. 28 of 1975 for assault and escape. On September 15, 1975, appellant pleaded guilty to the charges. Appellant appeared for sentencing on October 22, 1975, and was sentenced to a term of two to four years imprisonment on Indictment No. 27, and to a consecutive term of two to four years on Indictment No. 28. Appellant was also sentenced to make restitution to the victim of the assault. Direct appeal was taken to our Court from the judgment of sentence, with appellant arguing that his sentences were illegal. Appellant's arguments are without merit.

Appellant first argues that the two crimes, assault and escape, charged in Indictment No. 28 are misdemeanors of the second degree, each punishable by maximum terms of two years imprisonment, and that the lower court impermissibly imposed a lumped sentence of two to four years on that indictment. Under § 5121 of the Crimes Code, the offense of escape is a felony of the third degree if the actor has employed force to effect the escape. It is clear from the record in this case that appellant assaulted a prison guard in

60

the process of escaping and that the escape was therefore effected through the use of force. Under § 1103 of the Crimes Code, felonies of the third degree are punishable by maximum terms of seven years imprisonment. Since appellant could have been sentenced to seven years imprisonment on the escape charge, the sentence of two to four years on Indictment No. 28 was well within the statutory limits and perfectly legal. See *Commonwealth ex rel. Zambelli v. Smith*, 153 Pa.Super. 411, 33 A.2d 925 (1943).

■ Appellant next argues that his sentences are illegal and must be vacated because the sentences do not appear on the indictment sheets and because the sentencing judge did not sign the indictment sheets. There are no such requirements as these in the law; cases cited by appellant are inappropriate. The official record of this case contains the sentences in writing, signed by the sentencing judge, along with certified copies of the docket sentence entries. That is all that is required. See *Commonwealth ex rel. Powers v. Smith*, 138 Pa.Super. 161, 10 A.2d 794 (1939).

The judgment of sentence should be affirmed.