**Commonwealth v. Aikey**

Richard Saxton, assistant district attorney, for the commonwealth.

Craig P. Miller, for defendant.

BROWN, P.J., July 7, 1987—This is a summary conviction appeal wherein defendant was charged with and found guilty of the offenses of Driving While Operating Privileges were Suspended under sections 1543(b) and 3361 of the Vehicle Code. The matter has been submitted to the court on a set of stipulated facts which includes the narrative that defendant was involved in an accident on February 22, 1987, near the municipal boundary lines of Allison Township and Bald Eagle Township.

With respect to the driving during suspension charge, the parties have stipulated that defendant's license was suspended by the Department of Transportation by notice sent out by registered mail on the date of January 13, 1987. This notice advised defendant that he was being suspended for a period of one month for a driving-under-the-influence violation, the suspension to be effective as of February 17, 1987. The notice was in fact not received by defendant who did not pick it up and it was returned as unclaimed. The notice was sent to the address of 727 Woods Avenue, Lock Haven, Pa., 17745. At no time had defendant changed his address with the

Department of Transportation and he had picked up mail sent to the address contained in the notice.

Defendant contends that he cannot be found guilty unless the commonwealth establishes beyond a reasonable doubt that he had received notice of the suspension of his operator's license. *Common-wealth v. Gray* 356 Pa. Super. 299, 514 A.2d 621 (1986). This principle is further elaborated in the case of *Commonwealth v. Kane,* 460 Pa. 582, 33 A.2d 925 (1975).

In *Kane,* supra, it was held that proof of mailing of the notice of suspension was admissible, but that by itself it did not prove that the notice was actually received. In determining whether notice has been received it would appear that the court should take into account whether defendant had a license in his possession at the time of apprehension and also whether or not the notice was sent to the correct address. In this case it would appear that notice was sent to the correct address but that defendant for whatever reason refused to pick up the notice which was then returned to the department. There is no indication in the stipulation whether defendant was in possession of his operator's license at the time.

However, it would appear that the issue is perhaps decided directly by the parties' stipulation which is to the effect that defendant did not receive the notice. In view of this, the court's decision is pre-empted by the requirement that the commonwealth establish receipt of the notice. The court is somewhat concerned that in a situation like this an errant driver who is under suspension can simply refuse to accept the mail conveying the notice of suspension. Until an appellate court or the Legislature deals with this problem directly, this court's hands are tied by existing law as manifested in both *Kane* and *Gray,* supra.

## ORDER

And now, this July 7, 1987, based upon the foregoing opinion the court hereby finds defendant not guilty of driving while operating privileges are suspended as charged under sections 1543(b) and 3361 of the Vehicle Code.